**Courtney A. Vincent**
Minnesota Bar No.: 0403083
***Vincent Law, PLLC***
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
**info@vincentlawpllc.com**
Counsel for Debtor MCITBE LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-32580-mvl11** |
| **MCITBE LLC,** | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **Debtor.** | § | |

# JOINT MOTION OF THE DEBTOR AND CREDITOR ALI CHOUDHRI UNDER FED. R. BANKR. P. 9023 TO ALTER OR AMEND THE ORDER DISMISSING THIS CASE WITH PREJUDICE [ECF NO. 228], OR IN THE ALTERNATIVE TO STRIKE THE BAR TO REFILING

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

MCITBE LLC (the "Debtor"), through its counsel, and Ali Choudhri, a creditor and party in interest appearing pro se ("Mr. Choudhri"), move under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) to alter or amend the Order Granting U.S. Trustee's Motion to Dismiss Debtor with Prejudice, entered October 19, 2026 [ECF No. 228] (the "Order"). The movants ask that the Order be amended to vacate the dismissal and reinstate the case on conditions the Court fixes or, in the alternative, that the Order be amended to delete the bar to refiling through April 17, 2027, so that the dismissal is without prejudice as 11 U.S.C. § 349(a) provides. Sections I



Exhibit C

through IV are the Debtor's; Section V is Mr. Choudhri's own ground, stated in his own name, and counsel for the Debtor does not represent him and makes no representation about its contents. A separate emergency motion, filed with this one, asks the Court to stay the effect of the Order until this motion is decided, because the Debtor's only asset is posted for foreclosure sale on Tuesday, November 3, 2026.

## I. <u>TIMELINESS AND STANDARD</u>

1. The Order was entered on Monday, October 19, 2026. This motion is filed within fourteen days of entry, as Rule 9023 requires. The Order is the order of dismissal in a case under title 11, so Rule 9023 applies to it and the motion suspends the time to appeal until the order disposing of it is entered. Fed. R. Bankr. P. 8002(b)(1)(B).

2. A motion under Rule 59(e) calls into question the correctness of a judgment and may be granted to correct a manifest error of law or fact, to account for newly discovered evidence, or to prevent manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). The Debtor relies on the first and third grounds as to the bar to refiling, and on all three as to the dismissal itself.

## II. <u>BACKGROUND</u>

3. The Debtor filed this Subchapter V case on June 10, 2026 [ECF No. 1]. Its principal asset is the residence at 2232 Swift Boulevard, Houston, Texas (the "Property"), scheduled at $3,170,000 [ECF No. 160]. The claims against the

Property are the taxing units (about $97,546), Security State Bank & Trust ("SSBT") (proof of claim of $2,015,092.52, Claim No. 4-1, disputed in part), and the scheduled secured claim of the Debtor's sole member, Shahnaz Choudhri ($620,000); general unsecured claims total about $39,408. On every value in the record the Property's equity exceeds all claims. The Debtor filed its plan on the ninetieth day [ECF No. 134] and its First Amended Plan on October 15, 2026 [ECF No. 223], which pays every non-insider creditor in full from a sale of the Property.

4. The United States Trustee moved to dismiss under § 1112(b) on September 1, 2026 [ECF No. 113], citing § 1112(b)(4)(E), (F), (G) and (H): late operating reports, the manager's absence from two § 341 meetings, late delivery of documents requested at the initial debtor interview, an employment application filed one day after the Court's deadline, and unpaid Subchapter V trustee deposits. The motion asked that dismissal be with prejudice to refiling for 180 days. The Court dismissed the case on September 28, 2026 on a separate ground, then vacated that dismissal and reinstated the case on October 2, 2026 "for cause shown," expressly without regard to ECF No. 113 [ECF No. 196].

5. The Debtor and Ms. Choudhri responded to ECF No. 113 on October 7, 2026, with a ground-by-ground cure chart and a showing under § 1112(b)(2) [ECF No. 209]. Between the reinstatement and the hearing the Debtor appeared through counsel at the October 5 status conference, filed the amended application to employ counsel under § 327(a) [ECF No. 221], filed the First Amended Plan with

its liquidation analysis, projections and broker opinion of value [ECF No. 223], filed the application to employ Walzel Properties as broker [ECF No. 225], filed the motion for Mr. Yablon's withdrawal [ECF No. 224], and tendered the Subchapter V trustee deposits: on October 14, 2026, the Debtor's manager signed two checks on the debtor-in-possession account, nos. 1052 and 1053, of $1,000 each, for the deposits due September 10 and October 10, 2026, and mailed them with a cover letter to the Subchapter V trustee, Behrooz P. Vida, at 3000 Central Drive, Bedford, Texas 76021, by certified mail, return receipt requested, article no. 9589 0710 5270 4643 2970 46. The letter, the checks and the certified mail receipt are attached as Exhibit A.

6. The Court heard ECF No. 113 on October 15, 2026. The Debtor's manager, Paul Cox, and Ali Choudhri testified; the Debtor's exhibits 1-6, 8-26 and 28-30 and the United States Trustee's exhibits A through BBBB were admitted [ECF Nos. 226, 227]. The Court granted the motion from the bench and dismissed the case with prejudice for 180 days [ECF No. 229]. The Court found cause under § 1112(b)(4)(E), (F), (G) and (H) on the chronology of late filings, missed § 341 meetings, late employment applications and late trustee payments, and it also found a lack of good faith in the prosecution of the case, resting that finding on three things: the number of amended petitions and schedules, which the Court took as "indicative of bad faith and indicative of abuse of process"; its conclusion that Mr. Choudhri, who had been described to the Court as a creditor and director, "is the man behind the curtain" and that the case "is being prosecuted by Mr. Choudhri," while stating

that it was "not saying that that is necessarily an improper thing"; and the Debtor's inability to pay counsel from its own funds, which the Court described as "futility." Asked by Debtor's counsel to reconsider the bar, the Court stated that it had considered dismissal without prejudice and was imposing the bar "because of the way that I believe that the bankruptcy code was abused in this case and the way this case was prosecuted." Oct. 15, 2026 Hr'g Audio at 3:30:05 to 3:53:15 (citations are to the approximate time markers on the Court's audio of the hearing; the certified transcript has been ordered and the citations will be conformed to it). The United States Trustee uploaded the form of order on October 19, 2026, which the Debtor approved as to form only, and the Order was entered that day. The Order bars the Debtor from filing another petition from October 19, 2026 through April 17, 2027.

7. Mr. Choudhri, a creditor and party in interest under 11 U.S.C. § 1109(b), joined Sections V and VI of the October 7 response in his own name [ECF No. 209] and appeared pro se at the hearing [ECF No. 229]. His own ground for relief, that he was not permitted to present evidence as a creditor before the Court made findings about him, is stated in Section V.

8. The consequence of the Order is immediate. With the case dismissed, the automatic stay ended under § 362(c)(2)(B). SSBT has posted the Property for a substitute trustee's sale on Tuesday, November 3, 2026, the first Tuesday of the month, at 10:00 a.m. at the Bayou City Event Center. The Notice of Substitute Trustee's Sale is dated October 13, 2026, was signed that day by Russel Gribble,

SSBT's loan officer, as substitute trustee, and was filed with the Harris County Clerk on October 13, 2026 (FRCL-2026-7668), under the Court's Second Interim Order of September 3, 2026, which authorized SSBT to post the Property but provided that SSBT "shall not foreclose on the Property absent further order of this Court terminating the automatic stay to allow such foreclosure to proceed" [ECF No. 118 ¶ 1]. No such order was ever entered; the final hearing on SSBT's motion [ECF No. 22] was set for October 26, 2026 [ECF No. 206] and was overtaken by the dismissal. The notice is attached to the emergency stay motion filed with this motion. The sale would transfer the Property to SSBT or a third party at a trustee's sale rather than through the marketed sale the First Amended Plan provides, and would extinguish the equity above SSBT's lien that the plan devotes to the taxing units, the trade creditors and Ms. Choudhri. The 180-day bar forecloses the Debtor's only means of preventing that result in this Court.

## III. THE BAR TO REFILING SHOULD BE DELETED

### *A. Section 109(g) does not apply to an entity, and the Order imports its remedy without its predicate*

9. The 180-day bar in the Order tracks 11 U.S.C. § 109(g)(1), which bars a debtor from refiling for 180 days when a prior case "was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." By its terms § 109(g) applies only to "an individual or family farmer." The Debtor is a limited liability company. Congress chose not to apply the 180-day disability to entity debtors, and the Order does not

find the willfulness that § 109(g) would require even where it applies. A bar imposed on an entity for 180 days, measured from the date of dismissal, applies a statutory remedy to a debtor Congress excluded from it.

***B. Section 349(a) requires cause for a bar, and the record does not supply it***

10. Apart from § 109(g), a dismissal is without prejudice to a later petition "[u]nless the court, for cause, orders otherwise." 11 U.S.C. § 349(a). The Fifth Circuit has held that § 349(a) permits a bankruptcy court to bar a debtor from refiling where cause is shown, and has described the cause that supports such an order as egregious conduct of the kind presented by a serial filer who abuses the process to frustrate creditors. *In re Tomlin*, 105 F.3d 933, 937-41 (5th Cir. 1997). The authority the United States Trustee cited for the bar, *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327 (2d Cir. 1999), is the same kind of case: an individual who dismissed and refiled repeatedly to defeat a mortgagee's foreclosure.

11. This is the Debtor's first bankruptcy case. The record contains no prior petition, no pattern of dismissal and refiling, and no violation of an order after the Court directed compliance. The grounds the Court identified for the bar are not of the *Tomlin* and *Casse* kind. The first, the number of amended petitions and schedules, is the compliance record the Court found curable when it reinstated the case on October 2, 2026 [ECF No. 196]; amendments that add creditors and correct a resolution are the ordinary work of a first-time debtor and new counsel, and the United States Trustee did not contend that any amendment concealed an asset or a creditor. The second, Mr. Choudhri's role, is conduct the Court itself said was "not

necessarily an improper thing"; the only concern the Court identified was that parties had tried to persuade it otherwise. A director and creditor who is the sole member's son and who is active in the company's affairs is not an abuse of the bankruptcy process, and the Court made no finding that his involvement caused any delay or harmed any creditor. The third, the Debtor's inability to pay counsel from operations, is a feasibility question, answered by the equity in the Property that funds the plan, not evidence of bad faith. None of these is the serial filing or the willful defiance of court orders that supports a bar under § 349(a), and a bar whose stated purpose is to prevent "liv[ing] another day" does not fit a debtor whose only asset is worth more than every claim against it and whose plan pays those claims in full.

***C. The bar inflicts a harm the dismissal alone would not***

12. A dismissal without prejudice would leave the Debtor free to return to this Court if the foreclosure sale or the Receiver's conduct made that necessary, under the scrutiny § 362(c)(3) and the Court's own supervision provide. The bar removes that option for the 180 days in which the Property will be sold at a trustee's sale. It therefore does not merely end this case; it decides who gets the Property, and it gives SSBT, whose motion for relief from stay [ECF No. 22] the Court had not decided, the relief that motion sought without a ruling on it. Rule 59(e) exists to prevent manifest injustice of that kind, and the Debtor asks that the bar be deleted.

## IV. THE DISMISSAL ITSELF SHOULD BE RECONSIDERED

13. Section 1112(b)(2) provides that the Court "may not" dismiss where the debtor shows unusual circumstances, a reasonable likelihood of confirmation within a reasonable time, a reasonable justification for the acts or omissions, and cure within a reasonable period fixed by the Court. The Debtor made that showing in its response and at the hearing, and the record since the hearing confirms it. The broker application was filed on October 15, 2026 [ECF No. 225]; the Debtor's manager executed the listing agreements the broker required; and the broker has received expressions of interest from prospective buyers. No sale can close while a lis pendens clouds title and a foreclosure sale is posted against the Property, which is why the plan calls for a court-supervised sale and why the dismissal, by lifting the stay and clearing the way for the November 3 sale, defeats the one path by which every creditor is paid.

14. The unusual circumstances are not disputed: the Property is worth more than every claim against it; the First Amended Plan [ECF No. 223] pays every non-insider creditor in full from a marketed sale within twelve months, with SSBT retaining its lien and receiving contract interest monthly from escrow; a state-court receiver appointed over the assets of a person who holds no interest in the Debtor contested the Debtor's authority at every step, which the Court heard on October 5 had made counsel reluctant to appear; and the Court was managing a transition of counsel that was completed on the eve of the hearing. Dismissal does not serve creditors. It

serves one creditor, SSBT, at the expense of all the others, because a trustee's sale pays SSBT and the taxing units and leaves nothing to anyone else.

15. The reasonable-justification and cure prongs were addressed ground by ground in the October 7 response. The Court's October 2 order already found cause to reinstate the case notwithstanding the lateness of the filings. The Debtor asks the Court to fix the conditions on which the case may continue, including the dates for any remaining compliance items, and to amend the Order to reinstate the case on those conditions.

## V. <u>MR. CHOUDHRI'S GROUND: HE WAS NOT PERMITTED TO BE HEARD</u>

This section is stated by Mr. Choudhri in his own name.

16. I hold a scheduled claim against the Debtor and am a party in interest. Section 1109(b) provides that a party in interest "may raise and may appear and be heard on any issue in a case under this chapter." I responded to the United States Trustee's motion by joining Sections V and VI of the response filed October 7, 2026 [ECF No. 209], which addressed the motion's allegations concerning me (Mot. ¶¶ 63-71) and the request for a bar to refiling. I appeared at the October 15, 2026 hearing, and the Court's minute entry records my appearance pro se [ECF No. 229].

17. At the hearing, counsel for the United States Trustee opened and presented her case. When the Debtor called me as a witness I stated that I had planned to make an opening statement and had not been given the opportunity. Hr'g Audio at 1:31:27. After the break I asked to make an opening statement and to enter

evidence; the Court said it would allow me to enter evidence and hear me in closing. Hr'g Audio at 2:27:31 to 2:28:12. When I began, the Court stated that anything on behalf of the Debtor had to come through counsel, and that "[i]f you're going to explain something on behalf of your role as a creditor, then I will hear you out." Hr'g Audio at 2:35:40 to 2:36:18. I identified myself as speaking as a creditor and continued; the Court stopped me as "making arguments that are debtor's to make," took judicial notice of ECF Nos. 20 and 122 only for the fact of their filing, and said it would proceed to closing. Hr'g Audio at 2:37:24 to 2:38:26. I asked whether I could offer a few more docket filings; the Court answered, "No, I'm all ECF'd out." Hr'g Audio at 2:39:00 to 2:39:07. I asked to call a witness; the Court answered, "No, you may not. You're not going to call a witness pro se," and stated that I would be "better served by having counsel," that it would not "further allow you to call any witnesses," and that "this is the debtor's motion to respond to." Hr'g Audio at 2:39:12 to 2:41:17.

18. Section 1112(b)(1) permits dismissal only "after notice and a hearing," which under § 102(1) means such opportunity for a hearing as is appropriate in the particular circumstances. A party in interest who has filed a written response to a contested motion and appears at the evidentiary hearing is entitled to be heard in argument, to cross-examine the witnesses against his position, and to offer evidence on the issues he has raised. 11 U.S.C. § 1109(b); Fed. R. Bankr. P. 9014(d). The Court then rested its finding of bad faith, and the bar to refiling, in substantial part on me: that I am "the man behind the curtain," that the case "is

being prosecuted by Mr. Choudhri," and that I "shouldn't have spent so much time trying to distance [my]self from the debtor only to appear today to be the debtor's representative." Hr'g Audio at 3:32:18 to 3:36:29, 3:44:52 to 3:45:09. Those findings were made on a § 341 transcript the Court stated it "honestly had not read prior to today," Hr'g Audio at 3:36:20, after I had been told I would be heard as a creditor and then was not permitted to present evidence or call a witness in that capacity. The motion's allegations concerning me (Mot. ¶¶ 63-71) were a stated basis for the request that the dismissal be with prejudice, and the Order imposes that bar on findings about a party who was not permitted to answer them. I ask that the bar be deleted or, if the Court is inclined to let the dismissal stand, that the hearing be reopened for the limited purpose of permitting me to be heard as a creditor, to cross-examine the witnesses, and to offer my evidence on the issues raised in Sections V and VI of ECF No. 209 before any bar is imposed. Nothing in this section is an admission concerning the authority of the state-court receiver appointed in Cause Nos. 2012-27197-A and 2012-27197-D or any matter at issue in those causes, and I reserve all rights.

## VI. REQUEST FOR RELIEF

The Debtor and Mr. Choudhri ask that the Court (a) amend the Order to vacate the dismissal and reinstate the case on the conditions the Court fixes; (b) in the alternative, amend the Order to delete the bar to refiling so that the dismissal is without prejudice under 11 U.S.C. § 349(a); (c) in the further alternative as to Mr. Choudhri, reopen the

hearing as requested in Section V before any bar is imposed; and (d) grant such other relief as is just. A proposed order is submitted with this motion.

Dated: November 1, 2026.

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
Admitted to the U.S. Bankruptcy Court
for the Northern District of Texas
***Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

**COUNSEL FOR DEBTOR MCITBE LLC**

**AND**

*/s/ Ali Choudhri*
**Ali Choudhri, pro se**
4521 San Felipe Street, Unit 3201
Houston, Texas 77027
Tel: (281) 630-6627
**ali@jetallcapital.com**

**CREDITOR AND PARTY IN INTEREST**

**FILING NOTE**

This document is filed through the Court's CM/ECF system by counsel for the Debtor. Mr. Choudhri, who appears pro se, reviewed it and authorized the use of his electronic signature by written communication dated November 1, 2026, which the filing attorney retains. Counsel for the Debtor does not represent Mr. Choudhri.

**<u>CERTIFICATE OF CONFERENCE</u>**

On Saturday, October 31, 2026, the undersigned conferred by email with Meredyth A. Kippes, counsel for the United States Trustee, with Kyle Woodard and Jim D. Aycock, counsel for Security State Bank & Trust, and with Behrooz P. Vida, Subchapter V Trustee, regarding the relief requested in this motion. On Sunday, November 1, 2026, Mr. Aycock responded that SSBT is opposed. No response had been received from the United States Trustee or the Subchapter V Trustee when this motion was filed. The motion is presented as opposed.

*<u>/s/ Courtney A. Vincent</u>*
**Courtney A. Vincent**

**CERTIFICATE OF SERVICE**

I certify that on November 1, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, including counsel for the United States Trustee (Meredyth A. Kippes, meredyth.kippes@usdoj.gov), the Subchapter V trustee (Behrooz P. Vida, behrooz@vidatrustee.com), counsel for Security State Bank & Trust (Kyle Woodard, kwoodard@krcl.com; Jim D. Aycock, jim@aycock.law), counsel for Travis B. Vargo (Leslie M. Luttrell, luttrell@lclawgroup.net), counsel for Shahnaz Choudhri (Lori A. Hood, lhood@shackelford.law; Leah Duncan, lduncan@shackelford.law), counsel for the taxing units (Tara L. Grundemeier, houston_bankruptcy@lgbs.com), Jeffrey W. Steidley (jeff@texlaw.us), Mark P. Yablon (bankruptcy@yablonlaw.com) and Ali Choudhri, pro se (ali@jetallcapital.com).

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**

# EXHIBIT A

In re MCITBE LLC, No. 26-32580-mvl11 (Bankr. N.D. Tex.)
Subchapter V trustee deposits: cover letter dated October 14, 2026,
checks nos. 1052 and 1053 ($1,000 each), and USPS certified mail
receipt and return receipt, article no. 9589 0710 5270 4643 2970 46


Mr. Behrooz Vida,
Please find enclosed two checks for your services as the Subchapter V Trustee for our Bankruptcy proceedings. I believe that these are for the months of August and September '26. I apologize that they are a little late sir.
Respectfully,
Paul Cox, Manager
MCITBE, LLC
McITBE LLC
DEBTOR IN POSSESSION
1151 GALLANT RIDGE
HOUSTON, TX 77082
PAY TO THE ORDER OF Behrooz P Vida Sub V Trustee
DATE 10.14.26
$ 1,000.00
One thousand dollars & xx/xx DOLLARS
REGIONS
FOR Due: Oct. 10th 2026
REGIONS
One thousand dollars & xx/xx DOLLARS
FOR Due: Sept. 10th 2026


SENDER: COMPLETE THIS SECTION
COMPLETE THIS SECTION ON DELIVERY
9590 9402 0251 6148 8736 05
9589 0710 5270 4643 2970 46
PS Form 3811, July 2020 PSN 7530-02-000-9053
Domestic Return Receipt
U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
OFFICIAL USE
CERTIFIED MAIL
Paul M Cox
8203 Turmill Ct
Spring TX 77379-7161


Paul M Cox
8203 Turnmill Ct
Spring TX 77379-7161
CERTIFIED MAIL
9589 0710 5270 4643 2970 46
U.S. POSTAGE IMI
$11.02
RDC 99
77079 FCM
Date of sale
10/14/26
02 8WSSK
2000393272
FOLD HERE
Behrooz P. Vida
3000 Central Drive
Bedford TX 76021
U.S. Postal Service
CERTIFIED MAIL
Domestic Mail Only
For delivery information, visit our website at www.usps.com
OFFICIAL USE
Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
Return Receipt (hardcopy)
Return Receipt (electronic)
Certified Mail Restricted Delivery
Adult Signature Required
Adult Signature Restricted Delivery
Postage
Total Postage and Fees
Postmark Here
Sent To
Behrooz P Vida
See Reverse for Instructions


PLACE THIS LABEL TO THE LEFT OF THE POSTAGE
CERTIFIED MAIL®
SENDER: COMPLETE THIS SECTION
Complete items 1, 2, and 3.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.
1. Article Addressed to:
Behrooz P. Vida
3000 Central Drive
Bedford TX 76021
9590 9402 0251 6148 8736 05
2. Article Number (Transfer from service label)
9589 0710 5270 4643 2970 46
PS Form 3811, July 2020 PSN 7530-02-000-9053
COMPLETE THIS SECTION ON DELIVERY
A. Signature
X
Agent
Addressee
B. Received by (Printed Name)
C. Date of Delivery
D. Is delivery address different from item 1? Yes
If YES, enter delivery address below: No
3. Service Type
Adult Signature
Adult Signature Restricted Delivery
Certified Mail®
Certified Mail Restricted Delivery
Collect on Delivery
Collect on Delivery Restricted Delivery
Restricted Delivery
Priority Mail Express®
Registered Mail™
Registered Mail Restricted Delivery
Signature Confirmation™
Signature Confirmation Restricted Delivery
Domestic Return Receipt
U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
Postage
Total Postage and Fees
Postmark Here
0710 5270 4643 2970 46

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-32580-mvl11** |
| **MCITBE LLC,** | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **Debtor.** | § | |

**ORDER GRANTING DEBTOR'S MOTION TO ALTER OR AMEND THE ORDER OF DISMISSAL [ECF NO. 228]**

The Court has considered the Joint Motion of the Debtor and Creditor Ali Choudhri Under Fed. R. Bankr. P. 9023 to Alter or Amend the Order Dismissing This Case with Prejudice [ECF No. 228] (the "Motion"), the responses, and the record. The Court finds that the Motion was timely filed and that the relief granted below is warranted. It is therefore

ORDERED that the Motion is GRANTED as set forth herein; it is further

ORDERED that the Order Granting U.S. Trustee's Motion to Dismiss Debtor with Prejudice [ECF No. 228] is AMENDED to delete the provision barring the Debtor from filing a petition under title 11 through April 17, 2027, and the dismissal of this case is WITHOUT PREJUDICE under 11 U.S.C. § 349(a); and it is further

ORDERED that the Court retains jurisdiction to interpret and enforce this Order.

**# # # END OF ORDER # # #**