**Courtney A. Vincent**
Minnesota Bar No.: 0403083
***Vincent Law, PLLC***
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
**info@vincentlawpllc.com**
Counsel for Debtor MCITBE LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-32580-mvl11** |
| **MCITBE LLC,** | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **Debtor.** | § | |

# JOINT EMERGENCY MOTION OF THE DEBTOR AND CREDITOR ALI CHOUDHRI TO STAY THE ORDER OF DISMISSAL [ECF NO. 228] PENDING DISPOSITION OF THE RULE 9023 MOTION, AND REQUEST FOR EMERGENCY HEARING BEFORE NOVEMBER 3, 2026

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

MCITBE LLC (the "Debtor"), through its counsel, and Ali Choudhri, a creditor and party in interest appearing pro se ("Mr. Choudhri"), move on an emergency basis for an order staying the effect of the Order Granting U.S. Trustee's Motion to Dismiss Debtor with Prejudice [ECF No. 228] (the "Order") until the Court rules on the Joint Motion to Alter or Amend the Order under Rule 9023 [ECF No. 234], and for an emergency hearing before Tuesday, November 3, 2026. Counsel for the Debtor does not represent Mr. Choudhri, who joins in his own name.



Exhibit D

## I. WHY THE RELIEF CANNOT WAIT

1. Security State Bank & Trust ("SSBT") has posted the Debtor's only asset, the residence at 2232 Swift Boulevard, Houston, Texas (the "Property"), for a substitute trustee's sale on Tuesday, November 3, 2026, the first Tuesday of the month, beginning at 10:00 a.m. at the Bayou City Event Center, 9401 Knight Road, Houston, Texas. Exhibit A. The Notice of Substitute Trustee's Sale is dated October 13, 2026, is signed by Russel Gribble, SSBT's loan officer, as substitute trustee under the October 25, 2023 deed of trust from Jetall/Croix Properties, LP (Doc. No. RP-2023-412498), and was filed with the Harris County Clerk at 1:28 p.m. on October 13, 2026 (FRCL-2026-7668). The Order was entered October 19, 2026; the Debtor's Rule 9023 motion is timely and is filed today. Unless the Order is stayed, the Property will be sold before the Court can rule on that motion, and the relief the motion seeks, reinstatement of the case or deletion of the bar to refiling, will be worthless because the asset the plan proposes to sell will be gone. The Debtor therefore cannot wait the notice period of Local Bankruptcy Rule 9014-1 and asks for a setting on or before Monday, November 2, 2026. Counsel has notified the courtroom deputy of this filing by email as the Court's procedures direct.

## II. AUTHORITY

2. A bankruptcy court may stay its own order pending disposition of a motion for reconsideration and pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A), (e)(1); 11 U.S.C. § 105(a). Rule 8007 directs that a motion for a stay pending appeal

ordinarily be made first in the bankruptcy court, and Rule 8007(e) confirms the bankruptcy court's authority to suspend or order the continuation of proceedings and to issue any other appropriate order during the pendency of an appeal. The same authority supports a short stay while the Court considers a timely Rule 9023 motion, which itself suspends the time to appeal. Fed. R. Bankr. P. 8002(b)(1)(B).

3. The factors are those that govern a stay pending appeal: the likelihood of success on the merits, irreparable injury if the stay is denied, whether a stay would substantially harm the other parties, and the public interest. *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987). Where the balance of equities weighs heavily in favor of a stay, the movant need only present a substantial case on the merits involving a serious legal question. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001).

## III. THE FACTORS FAVOR A STAY

4. **Likelihood of success.** The Debtor's Rule 9023 motion presents a serious legal question on which it is likely to prevail: whether a 180-day bar to refiling, a remedy § 109(g) reserves for individuals and family farmers who willfully disobey court orders, may be imposed on an entity debtor in its first case, without a finding of bad faith or abuse, on grounds of administrative lateness that the Court itself found curable when it reinstated the case on October 2, 2026 [ECF No. 196]. 11 U.S.C. §§ 109(g), 349(a); *In re Tomlin*, 105 F.3d 933, 937-41 (5th Cir. 1997). The motion also presents a substantial question whether § 1112(b)(2) permitted dismissal on this record.

5. **Irreparable injury.** Real property is unique, and a completed foreclosure sale cannot be undone by a later order in this case. The Property is scheduled at $3,170,000 against about $2.1 million of secured debt and taxes; a trustee's sale on November 3 would extinguish the equity that the First Amended Plan [ECF No. 223] devotes to the taxing units, the trade creditors and the Debtor's member, and would moot the Rule 9023 motion and any appeal. That is irreparable injury to the Debtor and to every creditor other than SSBT.

6. **Harm to others.** A stay of days or weeks does not harm SSBT. Its lien is unaffected; the Property is insured and occupied; the First Amended Plan provides for monthly payment of contract interest from escrow and for SSBT to be paid in full at closing; and SSBT's own motion for relief from stay [ECF No. 22] was pending and undecided when the case was dismissed, so SSBT has no ruling that it is entitled to foreclose now.

7. **The interim order contemplated a ruling before any sale.** SSBT posted the sale under the Court's Second Interim Order of September 3, 2026, which authorized posting but provided that SSBT "shall not foreclose on the Property absent further order of this Court terminating the automatic stay to allow such foreclosure to proceed" [ECF No. 118 ¶ 1]. That further order was never entered. The final hearing on SSBT's motion for relief from stay [ECF No. 22], begun on August 31, 2026 [ECF No. 116], was continued to October 26, 2026 [ECF No. 206] and never held, because the dismissal on October 15 ended the case first. SSBT therefore stands to foreclose on November 3 without ever having obtained the ruling on its

own motion that the Court's interim order required, on a record in which the Debtor's objections to the amount of SSBT's claim (Claim No. 4-1) and its motion to strike SSBT's stay-relief filings [ECF No. 219] were never decided. A short stay of the Order preserves the sequence the Court itself set: a ruling on ECF No. 22 before any foreclosure.

8. **Public interest.** The public interest favors orderly administration and the payment of all creditors from an asset that is worth more than the claims against it, over a forced sale that pays one creditor and leaves the rest with nothing. It also favors deciding a timely Rule 9023 motion on the merits rather than allowing the passage of fifteen days to decide it.

## IV. REQUEST FOR RELIEF

The Debtor and Mr. Choudhri ask that the Court (a) set this motion for emergency hearing on or before Monday, November 2, 2026, and permit the hearing to be conducted remotely by WebEx, with counsel, the parties and any witnesses appearing by video, in light of the time available and the distance between Houston and Dallas; (b) stay the effect of the Order, including the termination of the automatic stay under 11 U.S.C. § 362(c)(2)(B), until the Court rules on the Debtor's Rule 9023 motion and, if that motion is denied, for fourteen days thereafter to permit the Debtor to seek a stay pending appeal; (c) order that no foreclosure sale of the Property proceed while the stay is in effect; and (d) grant such other relief as is just. A proposed order is submitted with this motion.

Dated: November 1, 2026.

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
Admitted to the U.S. Bankruptcy Court for the Northern District of Texas
***Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

**COUNSEL FOR DEBTOR MCITBE LLC**

**AND**

*/s/ Ali Choudhri*
**Ali Choudhri, pro se**
4521 San Felipe Street, Unit 3201
Houston, Texas 77027
Tel: (281) 630-6627
**ali@jetallcapital.com**

**CREDITOR AND PARTY IN INTEREST**

**FILING NOTE**

This document is filed through the Court's CM/ECF system by counsel for the Debtor. Mr. Choudhri, who appears pro se, reviewed it and authorized the use of his electronic signature by written communication dated November 1, 2026, which the filing attorney retains. Counsel for the Debtor does not represent Mr. Choudhri.

**<u>CERTIFICATE OF CONFERENCE</u>**

On Saturday, October 31, 2026, the undersigned conferred by email with Meredyth A. Kippes, counsel for the United States Trustee, with Kyle Woodard and Jim D. Aycock, counsel for Security State Bank & Trust, and with Behrooz P. Vida, Subchapter V Trustee, regarding the relief requested in this motion and the request for an emergency setting. On Sunday, November 1, 2026, Mr. Aycock responded that SSBT is opposed. No response had been received from the United States Trustee or the Subchapter V Trustee when this motion was filed. The motion is presented as opposed.

<u>*/s/ Courtney A. Vincent*</u>
**Courtney A. Vincent**

## CERTIFICATE OF SERVICE

I certify that on November 1, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, including counsel for the United States Trustee (Meredyth A. Kippes, meredyth.kippes@usdoj.gov), the Subchapter V trustee (Behrooz P. Vida, behrooz@vidatrustee.com), counsel for Security State Bank & Trust (Kyle Woodard, kwoodard@krcl.com; Jim D. Aycock, jim@aycock.law), counsel for Travis B. Vargo (Leslie M. Luttrell, luttrell@lclawgroup.net), counsel for Shahnaz Choudhri (Lori A. Hood, lhood@shackelford.law; Leah Duncan, lduncan@shackelford.law), counsel for the taxing units (Tara L. Grundemeier, houston_bankruptcy@lgbs.com), Jeffrey W. Steidley (jeff@texlaw.us), Mark P. Yablon (bankruptcy@yablonlaw.com) and Ali Choudhri, pro se (ali@jetallcapital.com).

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**

# EXHIBIT A

In re MCITBE LLC, No. 26-32580-mvl11 (Bankr. N.D. Tex.)
Notice of Substitute Trustee's Sale, dated and filed October 13, 2026
(Harris County Clerk No. FRCL-2026-7668), for sale on November 3, 2026
2232 Swift Boulevard, Houston, Texas

FILED 10/13/2026 1:28:31 PM FRCL-2026-7668 TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS

UNOFFICIAL COPY

# NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**Date:** October 13, 2026

**Deed of Trust**

**Date:** October 25, 2023

**Grantor:** JETALL/CROIX PROPERTIES, LP, a Texas limited partnership

**Beneficiary:** SECURITY STATE BANK & TRUST

**Substitute Trustee:** RUSSEL GRIBBLE

**Substitute Trustee's Address:** c/o Patrick M. Dooley, Attorney at Law, 414 West Main Street, Fredericksburg, Texas 78624

**Recording Information:** Deed of Trust, Document No. RP-2023-412498 of the Official Public Records of Harris County, Texas

**Note**

**Date:** October 25, 2023

**Amount:** ONE MILLION SEVEN HUNDRED SEVEN THOUSAND EIGHT HUNDRED FORTY TWO AND 40/100 ($1,707,842.40) DOLLARS

**Debtor:** JETALL/CROIX PROPERTIES, LP, a Texas limited partnership

**Holder:** SECURITY STATE BANK & TRUST

**Holder of Note and Beneficiary:** SECURITY STATE BANK & TRUST

**Property:** BEING the West 25 feet of Lot Twenty-One (21) and the adjoining East 40 feet of Lot Twenty-Two (22), in Block Nine (9), of Southgate, a Subdivision in Harris County, Texas according to the map or plat thereof, recorded in Volume 10, Page 49 of the Map Records of Harris County, Texas.

**Date of Sale of Property (first Tuesday of month):** November 3, 2026

**Earliest Time of Sale of Property (between 10:00 a.m. and 4:00 p.m.):** 10:00 A.M.

**Place of Sale of Property (including county):** At the area designated by the Harris County Commissioner's Court in accordance with Section 51.002 of the Texas Property Code, being the Bayou City Event Center, 9401 Knight Road, Houston, TX 77045.

FILED 10/13/2026 1:28:31 PM FRCL-2026-7668 TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS

Because of default in performance of the obligations of the Deed of Trust, Substitute Trustee will sell the property by public auction to the highest bidder for cash at the place and date specified to satisfy the debt secured by the Deed of Trust. The sale will begin at the earliest time stated above or within three (3) hours after that time.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

SECURITY STATE BANK & TRUST

By: [signature]
RUSSEL GRIBBLE, Substitute Trustee

THE STATE OF TEXAS, }

COUNTY OF Comal. }

The above instrument was acknowledged before me on the 13 day of October, 2026, by RUSSEL GRIBBLE, Substitute Trustee, in his capacity therein expressed.

JULIE MARIE MARMOLEJO
Notary Public
State of Texas
ID # 123984867
My Comm. Expires 04/22/2028

Julie Marmolejo
Notary Public, State of Texas

UNOFFICIAL COPY

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-32580-mvl11** |
| **MCITBE LLC,** | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **Debtor.** | § | |

**ORDER STAYING THE ORDER OF DISMISSAL [ECF NO. 228]**
**PENDING DISPOSITION OF THE DEBTOR'S RULE 9023 MOTION**

The Court has considered the Joint Emergency Motion of the Debtor and Creditor Ali Choudhri to Stay the Order of Dismissal [ECF No. 228] Pending Disposition of the Debtor's Rule 9023 Motion (the "Motion"), the responses, and the arguments of counsel at the hearing held on _____________, 2026. The Court finds that the Debtor has shown a substantial case on the merits of its Rule 9023 motion, that it will suffer irreparable injury absent a stay, that a stay will not substantially harm other parties, and that the public interest favors a stay. It is therefore

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Order Granting U.S. Trustee's Motion to Dismiss Debtor with Prejudice [ECF No. 228] is STAYED, and the automatic stay of 11 U.S.C. § 362(a) remains in effect as to the Debtor and property of the estate, until the Court rules on the Joint Motion Under Fed. R. Bankr. P. 9023 [ECF No. 234] and for fourteen (14) days after entry of the order disposing of it; it is further

ORDERED that no foreclosure sale of the real property located at 2232 Swift Boulevard, Houston, Texas, shall proceed while this stay is in effect; and it is further

ORDERED that the Court retains jurisdiction to interpret and enforce this Order.

**# # # END OF ORDER # # #**