IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In Re:<br><br>MCITBE, LLC<br><br>Debtor.<br>. | **Case No. 26-32580-mvl-11V**<br><br>Dallas, Texas<br>November 3, 2026<br>9:00 a.m. Docket<br><br>BENCH RULING RE:<br><br>MOTION TO VACATE DISMISSAL ORDER AND REINSTATE CASE (234)<br><br>MOTION TO STAY PENDING APPEAL (235) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE.

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Courtney Ann Vincent<br>VINCENT LAW, PLLC<br>1035 Dairy Ashford, Suite #145<br>Houston, TX 77079<br>(713) 223-9300 |
| For Travis B. Vargo, Court-Appointed Receiver: | Leslie M. Luttrell<br>LUTTRELL CARMODY LAW GROUP<br>100 N.E. Loop 410, Suite 615<br>San Antonio, TX 78216<br>(210) 426-3600 |
| For Security State Bank & Trust: | Kyle Woodard<br>KANE RUSSELL COLEMAN LOGAN, P.C.<br>901 Main Street, Suite 5200<br>Dallas, TX 75202<br>(214) 777-4296 |
| For Security State Bank & Trust: | Jim D. Aycock<br>THE AYCOCK LAW FIRM, PLLC<br>5850 San Felipe Street, Suite 500, #1020<br>Houston, TX 77057<br>(254) 253-5460 |

**Exhibit F**

APPEARANCES, cont'd.:

| | |
|---|---|
| For Ali Choudhri, *Pro Se*: | Ali Choudhri |
| For the United States Trustee: | Asher Bublick<br>OFFICE OF THE UNITED STATES TRUSTEE<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>(214) 767-8967 |
| Recorded by: | Bryon A. Robinson<br>UNITED STATES BANKRUPTCY COURT<br>1100 Commerce Street<br>Dallas, TX 75242<br>(214) 753-2011 |
| Transcribed by: | Kathy Rehling<br>311 Paradise Cove<br>Shady Shores, TX 76208<br>(972) 786-3063 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

DALLAS, TEXAS - NOVEMBER 3, 2026 - 9:03 A.M.

THE COURT: Please be seated. Good morning, everyone. Don't adjust your TV sets; Judge Larson is out here on a 9:00 o'clock docket. That never happens. Let's not make a habit of this.

But in any event, we have one matter on the docket this morning, and that is Case No. 26-32580, MCITBE, LLC. I will go ahead and take appearances for the record.

MS. VINCENT: Attorney Courtney Vincent for the Debtor, MCITBE.

THE COURT: Thank you very much, Ms. Vincent.

MS. VINCENT: Good morning, Your Honor.

THE COURT: Good morning. Ms. Luttrell?

MS. LUTTRELL: Good morning, Your Honor. Leslie Luttrell on behalf of Travis Vargo, the state-court-appointed Receiver.

THE COURT: All right. Thank you. Mr. Woodard?

MR. WOODARD: Good morning, Your Honor. Kyle Woodard on behalf of Security State Bank. I'm joined on the line by my co-counsel, Mr. Jim Aycock, and Mr. Mike Dooley and Russel Gribble of the Bank are also on the line.

THE COURT: All right. Thank you very much.

All right. Anyone else on who wishes to make an appearance?

MR. CHOUDHRI: This is Ali Choudhri as well, Judge.

THE COURT: All right.

MR. CHOUDHRI: Good morning.

THE COURT: Good morning, Mr. Choudhri. Anyone else?

All right. Well, I'll get right to it. As I know Ms. Harden explained, I am in the middle of a three-day trial, and so I have specially set this at 9:00 a.m., given the emergency filings that were made. So if you'll give me one moment. There we go.

So, the following shall constitute the Court's ruling in connection with the joint motion of the Debtor and Creditor Ali Choudhri under Federal Rule of Bankruptcy Procedure 9023 to alter or amend the order dismissing this case with prejudice or, in the alternative, to strike the bar to refiling, which I'll refer to as the Reconsideration Motion, that was filed at Docket 234, as well as the joint emergency motion of the Debtor and Creditor Ali Choudhri to stay the order of dismissal pending disposition of the Rule 9023 motion and request for emergency hearing before November 3rd, 2026, which I will refer to as the Stay Motion, and the Stay Motion was filed at Docket 235.

Each of these documents were filed on November 1st, 2026. Security State Bank filed a response and opposition to each of the motions on November 2nd at ECF 236. And the Court reviewed each of those motions along with the response in

coming to its rulings.

As I noted, the Court was unable, given the multi-day trial that I was in the midst of, or still am in the midst of, should I say, to give a hearing as requested yesterday. And so I determined that, under the circumstances, especially since I had both a fulsome opposition and two motions, that I would go ahead and rule on the papers.

I'll start with the motions. MCITBE, LLC, or the Debtor, through its counsel, Ms. Vincent, and Mr. Ali Choudhri, a creditor and a party in interest appearing *pro se*, moved pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure and Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend this Court's prior order granting the United States Trustee's motion to dismiss the Debtor with prejudice that was entered on October 19th, 2026, specifically, at Docket 228.

The Movants ask the Court to vacate the dismissal and reinstate the case on the conditions that the Court might fix, or, in the alternative, that the order be amended to delete the bar to refiling through April 17, 2027, so that the dismissal would be without prejudice, as 11 U.S.C. Section 349(a) provides.

The Fifth Circuit has held that a motion under Rule 59(e), which is made applicable by Bankruptcy Rule 9023, calls into question the correctness of a judgment and serves

the very narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly-discovered evidence, citing to you there from the *Templet v. Hydrochem* case, 367 F.3d 473.

It is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of a judgment. And reconsideration after entry of a judgment is an extraordinary remedy that should be used sparingly, citing to you there again from *Templet*.

The movant must clearly establish that either a manifest error of law or fact exists, or must present newly-discovered evidence. The movant may not use the motion to raise arguments which could and should have been made before the judgment was issued, citing to you there from the Fifth Circuit's decision in *Rosenzweig*, 332 F.3d 854.

The Debtor primarily relies on the first and third grounds as the bar to refiling, and on all three as to the dismissal itself.

The Debtor filed this Subchapter V case on June 10th, 2026, and its principal asset is the residence at 2232 Swift Boulevard, Houston, Texas, which I'll refer to as the "Property." That Property is scheduled on the Debtor's schedules at approximately a $3.17 million valuation.

The United States Trustee moved to dismiss this case pursuant to Section 1112(b) of the Bankruptcy Code on

September 1st at Docket No. 113, citing therein to Subsections 1112(b)(4)(E), (F), (G), and (H), including late operating reports; the manager's absence from two 341 meetings; the failure to serve the notice to attend the 341 meetings; late delivery of documents requested at the Initial Debtor Interview; multiple either not-filed or late-filed employment applications; as well as unpaid Subchapter V Trustee deposits, among other filing and case deficiencies. The United States Trustee asked that the dismissal be with prejudice for refiling for 180 days.

The Court thereafter *sua sponte* dismissed the case on September 28th on a separate ground, but then vacated that dismissal and reinstated the case on October 2nd for cause shown, expressly without regard to the United States Trustee's then-filed motion to dismiss.

Thereafter, once the case was reinstated, the Court held a status conference and rescheduled the motion to dismiss, along with other pending motions to dismiss and lift stay hearings, while the Debtor attempted to remedy its filings.

At this particular time, the Debtor's case was also in a certain amount of turmoil with respect to the representation of the Debtor.

Ultimately, the Debtor and Ms. Choudhri responded to the United States Trustee's motion to dismiss at ECF No. 113 on October 7, 2026, and then Mr. Choudhri joined Sections 5 and

6 of the Debtor's response in his own right as an alleged unsecured creditor of the Debtor.

The Court held a hearing on the United States Trustee's motion to dismiss on October 15th. Two sets of counsel appeared for the Debtor. Mr. Choudhri appeared *pro se* in his capacity as a creditor. Counsel also appeared for Security State Bank, Mr. Vargo, Ms. Choudhri, and the United States Trustee.

At the hearing, Mr. Choudhri testified as the Debtor's representative for the first time in the case. At the conclusion of the hearing, the Court issued a lengthy bench ruling dismissing the Debtor's bankruptcy case for cause under Section 1112(b)(4)(E), (F), (G), and (H), and specifically for a lack of good faith in the prosecution of the case. The Court dismissed the case with prejudice to refiling for 180 days, under Sections 105(a) and 349(a), not under Section 109(g).

When asked by Debtor's counsel at the hearing to reconsider the prejudicial bar, the Court noted that it had already and specifically considered dismissal without prejudice in coming to its decision and declined to do so.

The Court thereafter entered the dismissal order on October 19th at ECF No. 228.

Again, under Rule 59(e), the Debtor must clearly establish either a manifest error of law or fact or must

present newly-discovered evidence, and may not use the motion to raise arguments which could and should have been made before the judgment was issued. Citing to you there again from the *Rosenzweig* decision.

The Reconsideration Motion satisfies none of these requirements. It reargues the 1112(b)(2) showing the Debtor already presented in its October 7th response and at the October 15th hearing. Moreover, the Reconsideration Motion identifies no intervening change in law and no newly-discovered evidence.

I'll begin with manifest errors of law or fact. Section 1112(b)(1) of the Bankruptcy Code provides that, on the request of a party in interest and after notice and a hearing, the Court shall dismiss or convert a Chapter 11 case for cause. Section 1112(b)(4) enumerates grounds that constitute cause, including Subsection (E), failure to comply with an order of the Court; Subsection (F), unexcused failure to satisfy timely any filing or reporting requirement; Subsection (G), failure to attend the Meeting of Creditors convened under 341(a) without good cause shown by the Debtor; and Subsection (H), failure to timely provide information or attend meetings reasonably requested by the United States Trustee.

Each finding is independently sufficient and well supported by cases within this circuit. Cause under

1112(b)(4)(E) exists where a debtor fails to comply with even a single court order, and the noncompliance need not be willful, in bad faith, or fraudulent. Citing to you there from *In re Turkey Leg Hut*, 665 B.R. 129.

Likewise, late monthly operating reports establish cause under 1112(b)(4)(F), citing to you there from the same decision.

Repeated failures to attend meetings and the Initial Debtor Interview establish cause under 1112(b)(4)(H), which failure need not even be unexcused, which they were in this case, or at least the first one was unexcused. Again, citing to you there from the *Turkey Leg* decision.

Additionally, the Court in this case found a lack of good faith in the prosecution of the case. The Fifth Circuit has consistently upheld dismissal where a case subject to dismissal for cause under 1112(b) is based on a lack of good faith. The Court will cite to you there from Judge Hale's *NRA* decision, 628 B.R. 262; the Fifth Circuit's decision in *In re Little Creek*, 779 F.2d 1068; and also a case out of the Bankruptcy Court for the Western District of Louisiana, *Delta AG Grp.*, 596 B.R. 186.

Bankruptcy courts routinely treat dismissal for bad faith conduct as implicitly authorized by the words "for cause." Once cause is established, dismissal becomes mandatory unless the debtor is able to carry its burden to establish that

unusual circumstances exist such that conversion or dismissal is not in the best interest of creditors and the estate and that there exists a reasonable likelihood of timely confirmation and a reasonable justification for the acts or omissions that will be cured within a reasonable period of time fixed by the courts, citing to you there from 1112(b)(2).

At the hearing, the Debtor wholly failed to meet its burden. Instead, the Debtor and Mr. Choudhri pointed to the equity cushion as the reason -- and again, in the motion, point to the equity cushion -- as a reason why the Court is the best vehicle to resolve what can only be called a blood feud between Mr. Choudhri, Security State Bank, and Mr. Vargo -- disputes that, although they were ubiquitous in this case, were irrelevant to the Debtor's inability to prosecute this case in accordance with the strictures of the Bankruptcy Code and in good faith.

Accordingly, the Court's determination that the Debtor failed to carry its burden was a discretionary judgment on a full record, not manifest error.

I'll now turn to the 109(g) argument. The Debtor's central argument in its motion that the prejudicial bar is improper because Section 109(g) applies only to individual or family farmers is a nonstarter, as it is premised on the wrong statute. While Section 109(g) certainly includes a

similar 180-day prejudicial bar, it's not the basis for which the Court dismissed the case with prejudice. A Bankruptcy Court's power to dismiss a case with prejudice and to bar refiling derives from Sections 105 and 349(a). 349(a) makes a dismissal without prejudice unless the Court, for cause, orders otherwise, and courts look to 105(a) and 349(a) for their authority to impose that sanction. Citing to you there from the Fifth Circuit's decision in *In re Casse*, 198 F.3d 327. Excuse me. I said the Fifth Circuit. I meant the Second Circuit.

That authority is independent of and not capped by 109(g). Section 349 was not intended to limit the Bankruptcy Court's ability to impose a refiling bar and empowers the Court to act in circumstances other than those dealt with by the newer Section 109(g). Citing to you there from *In re Tomlin*, 105 F.3d 933.

Bankruptcy courts in the Fifth Circuit follow the majority rule that 349(a) and 105(a) authorize refiling bars for cause, including bars exceeding 180 days. Citing to you there from the *Jordan* decision, 598 B.R. 396.

A bar to refiling in this case is proper, regardless of whether it was the first filing by this particular debtor. Citing to you there from the *Semco* case, 649 B.R. 155. Again, in this case, like in the *Semco* case, it was this particular debtor's first case, but a one-year bar to

refiling in that case was based on the debtor's pattern of bad-faith conduct, which this Court found, based upon situations relative to a pattern of delay, a consistent pattern of failure to abide by the Bankruptcy Code's strictures, as well as a repeated pattern of failure to comply with court orders.

The next thing that I'll do is turn to newly-discovered evidence. An unexcused failure to present evidence available at the time of the ruling is a valid basis for denying a subsequent motion for reconsideration. Again, citing to you there from the Fifth Circuit's decision in *Templet*. The Debtor points to no newly-discovered evidence. Instead, it points to Mr. Choudhri's alleged inability to present his evidence, cross-examine witnesses, and speak on other issues at the hearing as to why the Court should grant the motion.

However, over the course of this case, the Court has extended considerable latitude to Mr. Choudhri, and only cut him off on this particular hearing once he began asserting arguments, number one, that had been asserted at numerous hearings prior to this one, but, again, began asserting arguments that the Court believed were reserved for the Debtor or those which were wholly irrelevant to the United States Trustee's motion to dismiss.

With respect to preventing manifest injustice, the Court's 180-day bar to refiling does not create a manifest

injustice that Rule 59 exists to prevent. The Court authorized Security State Bank to post the Debtor's Property for foreclosure under a prior interim order. The dismissal order is the result of the Debtor's failure to comply with the burdens imposed on every debtor under the Bankruptcy Code, and Security State Bank's ability to foreclose is the precise outcome that results from the Debtor's failure to comply with the Bankruptcy Code's burdens.

Finally, with respect to the Reconsideration Motion, the Court will address Mr. Choudhri's due process argument. Mr. Choudhri contends that the dismissal order must be reconsidered because he was not, quote/unquote, permitted to present evidence or call a witness in his capacity as a creditor. The Court finds that the record does not support reconsideration for this point. The Court limited Mr. Choudhri from making arguments belonging to the Debtor. Moreover, Mr. Choudhri was permitted to make oral arguments, during which he presented a PowerPoint that was focused on his arguments regarding his disputes with Mr. Vargo, rather than the United States Trustee's motion to dismiss.

The Court believes Mr. Choudhri's sole purpose in making these facially-irrelevant arguments was to prevent the Court from ruling that day in order to continue furthering the Debtor's efforts to delay, hinder, and frustrate its creditors.

Again, this case was marred with repeated grandstanding and delays meant to do nothing more than lengthen the proceedings, with no measurable successes achieved by the Debtor. Therefore, the Movants have failed to meet their burden under Rule 59(e), and the motion to reconsider is denied.

I'll now take up the Stay Motion. The decision whether to grant a stay of an order pending appeal under Bankruptcy Rule 8007, which the Court will treat this motion as, lies within the discretion of the Court. I'll cite to you there from the *In re First South Savings Association* decision from the Fifth Circuit, 820 F.2d 700. The standard for deciding whether to grant a stay mirrors that for granting a preliminary injunction.

The standard set forth in the *Hunt v. Bankers Trust* case requires the Court to consider four factors.

Number one, whether the movant has made a strong showing of likelihood of success on the merits.

Number two, whether the movant has made a showing of irreparable injury if the stay is not granted.

Number three, whether the granting of the stay would substantially harm the other parties.

And number four, whether the granting of the stay would serve the public interest.

To obtain a stay, the movant has the burden of proving

these factors by a preponderance of the evidence. I'll begin with likelihood of success on the merits.

With respect to the first factor of the four-part test, the Fifth Circuit stated in *Ruiz v. Estelle*, 650 F.2nd 555, that on a motion for a stay pending appeal, the movant need not always show a probability of success on the merits. Instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of the granting of the stay.

If a movant were required in every case to establish that the appeal would probably be successful, the rule would not require, as it does, a prior presentation to the trial judge whose order is being appealed.

Of course, if the balance of equities -- *i.e.*, the consideration of the other three factors -- is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal.

As the Court will discuss below, the remaining factors do not weigh in favor of a stay. Thus, the Court will only briefly address whether the Debtor and Mr. Choudhri have made a showing of a likelihood of success on the merits.

For the reasons discussed previously, and relying upon the Court's earlier bench ruling and the supporting law which

the Court herein incorporates, the Court had ample authority to dismiss this case with prejudice for 180 days under Sections 349 and 105(a).

Further, the Debtor does not have a likelihood of success on the merits. The Court issued its rulings at the conclusion of a full evidentiary hearing premised upon the Debtor's failure to comply with court orders; unexcused failures to satisfy timely filing or reporting requirements; failure to attend the Section 341 Meeting without good cause shown; failure to serve out the notice of the 341 Meeting; failure to timely provide information or attend meetings as reasonably requested by the Trustee; failure to bring the Court employable counsel; failure to file employment applications for brokers and other professionals; and a plain failure to prosecute this case in good faith.

The Debtor was unable to satisfy its burden to show unusual circumstances exist such that conversion or dismissal would not be in the best interest of creditors or the estate. Therefore, the Court finds that this factor weighs against granting the Stay Motion.

I'll now look at irreparable injury. A movant must show irreparable injury will occur if the Court's order is not stayed. The Supreme Court has stated that the key word in the consideration is "irreparable." Citing to you there from *Sampson v. Murray*, 415 U.S. 61.

In general, a harm is irreparable when there is no adequate remedy at law, such as monetary damages. Citing to you there from the *Janvey* decision from the Fifth Circuit, 647 F.3d 585.

Further, a showing of speculative injury is not sufficient. There must be more than an unfounded fear on the part of the applicant.

The Debtor contends that it will suffer irreparable harm if Security State Bank is able to conduct the scheduled foreclosure sale. The Court disagrees. Any alleged injury is merely a loss of monetary value, which would be the Debtor's alleged equity in this Property. Again, as the Court's memory serves, the Debtor that filed actually achieved the ownership of this Property through foreclosure itself, or an alleged foreclosure. However, at this point, the Debtor or the Debtor's "investors" are free to protect the alleged equity in the Property by bidding at the foreclosure sale.

Moreover, the Fifth Circuit has refused to find irreparable harm where the movant's underlying position lacks merit. Citing to you there from *Arnold v. Garlock*.

As discussed above, the Court finds that the Debtor and Mr. Choudhri have no likelihood of success on the merits. Therefore, for these reasons, the Court finds no irreparable harm will ensue if a stay is not granted.

The next factor is the absence of substantial harm to other parties from granting the stay. Delay substantially harms a party kept from the relief to which it is entitled, and that harm can outweigh the movant's asserted injury. Citing again to the Fifth Circuit's decision in *Arnold*.

Should the Court grant the stay, it undoubtedly would cause harm to Security State Bank. It would allow the Debtor and Mr. Choudhri to continue to frustrate, hinder, and delay Security State Bank from exercising its state rights, its contractual rights and remedies, and allow Mr. Choudhri to continue to stonewall creditors and bottleneck the civil justice and bankruptcy systems through his various entities with which he is affiliated and with, at least from what the Court has seen, a never-ending turnstile of attorneys.

The Court will not allow such a result that would cause Security State Bank to continue to chase ghosts and respond to Mr. Choudhri's various and sundry emergencies that he concocts like salmon flock to Capistrano, all while Security State Bank continues to accrue legal fees. The Court will simply not abide the use of its courtroom as some pawn in Mr. Choudhri's lawfare with his creditors.

Finally, with respect to service of the public interest from granting a stay, granting a stay will not serve the public interest, full stop. To the contrary, it will further enable Mr. Choudhri and the Debtor to use my courtroom as a

judicial traffic cone to continue to delay the inevitable end to this saga. The Court sincerely recommends that the Debtor and its principals put their time and their efforts into the rest of the vast real estate and lawfare empire that Mr. Choudhri has put together. And if they want to maintain this Property, put your money where your mouth is and bid at foreclosure.

As such, the Court finds this factor weighs against granting the stay.

In consideration of the foregoing four factors, the Court therefore denies the Stay Motion.

That will conclude the Court's ruling, and the Court will look to the United States Trustee and Security State Bank to upload an order or two orders resolving the motions.

Any questions?

MS. VINCENT: No, Your Honor.

THE COURT: All right. Thank you very much. Any questions, Mr. Bublick, Mr. Woodard?

MR. WOODARD: I don't believe so, Your Honor. We'll coordinate with the U.S. Trustee on the proposed order.

THE COURT: Okay. Thank you very much. So, with that, the Court will turn to its 9:30 docket. Thank you all for appearing.

MS. VINCENT: Thank you, Judge.

THE COURT: You're welcome.

(Conclusion of proceedings at 9:30 a.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*/s/ Kathy Rehling* *11/04/2026*

______________________________________ ____________

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX

PROCEEDINGS 3

WITNESSES

-none-

EXHIBITS

-none-

RULINGS 4

END OF PROCEEDINGS 21

INDEX 22