11/2/2026 2:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 121963093
By: Emily Fuentes
Filed: 11/2/2026 2:40 PM

**CAUSE NO. 2026-22035**

| | | |
|---|---|---|
| **MCITBE, LLC,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **RUSSEL GRIBBLE; SECURITY** | § | |
| **STATE BANK AND TRUST; and** | § | |
| **TRAVIS VARGO,** | § | |
| | § | |
| **Defendants.** | § | **129TH JUDICIAL DISTRICT** |

**PLAINTIFF MCITBE, LLC'S RENEWED VERIFIED EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND EXPEDITED HEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MCITBE, LLC ("MCITBE" or "Plaintiff") files this narrowed Renewed Verified Emergency Application for Temporary Restraining Order, Temporary Injunction, and Expedited Hearing (the "Application") against Defendants Security State Bank and Trust (the "Bank"), Russel Gribble ("Gribble"), and Travis Vargo ("Vargo") (collectively, "Defendants"). The Application is directed to one immediate objective: preserving the real property commonly known as 2232 Swift Boulevard, Houston, Texas 77030 immediately, before any foreclosure sale, lockout, asserted change in control, or other act changes title, possession, control, or marketability before the Court can hear MCITBE's temporary-injunction request.

**APPLICATION EXHIBITS**

Exhibit A Notice of Substitute Trustee's Sale, Harris County FRCL-2026-7668 (filed Oct. 13, 2026)

Exhibit B Order dismissing Case No. 26-32580-mvl11 (signed Sept. 27, 2026; entered Sept. 28, 2026) and MCITBE's Notice of Dismissal of Bankruptcy (filed Oct. 1, 2026)

Unofficial Copy Office of Marilyn Burgess District Clerk



Exhibit H

Exhibit C Order Granting Plaintiff's Verified Emergency Application for Temporary Restraining Order (signed May 5, 2026) and Order Extending Temporary Restraining Order (signed May 18, 2026)

Exhibit D Plaintiff's First Amended Petition and Application for Temporary Injunction (filed Apr. 8, 2026)

Exhibit E Unsworn Declaration of Lori Hood (Nov. 1, 2026), with Exhibits A and B

Exhibit F Notice of Receivership, recorded Feb. 3, 2026 (RP-2026-38584)

Exhibit G Email correspondence of Travis Vargo regarding 2232 Swift Blvd. (Jan. 2026)

Exhibit H Email from Travis Vargo to Kell Mercer, "RE: Receivership Issues" (Apr. 4, 2025), as forwarded to Ali Choudhri (May 2, 2025)

Exhibit I Amended Order Granting Turnover, Charging Order and Appointment of Receiver, Cause No. 2012-27197-A (filed Apr. 9, 2025), and Amended Order (2), Cause No. 2012-27197-D (filed Apr. 8, 2025)

Exhibit J Excerpts, Transcript of Hearing, In re Texas REIT, LLC, No. 24-10120-smr (Bankr. W.D. Tex. Apr. 3, 2025) (Robinson, J.)

Exhibit K-1 Excerpts, Deposition of Russel Gribble (May 12, 2026): cover, pp. 6-9, 86-89, 122-125, reporter's certification

Exhibit K-2 Excerpts, Deposition of the Corporate Representative of Security State Bank and Trust

Exhibit L Verification / Unsworn Declaration of Paul Cox

Exhibit M Signed purchase contract for 2232 Swift Blvd.

Unofficial Copy Office of Marilyn Burgess District Clerk

## I. SUMMARY AND EMERGENCY RELIEF REQUESTED

1. This is a narrow emergency request for immediate relief preserving the Court’s ability to hear and decide MCITBE’s request for temporary injunctive relief before title, possession, control, or marketability of the Property changes. On October 13, 2026, at 1:28:31 p.m., a Notice of Substitute Trustee's Sale bearing Harris County foreclosure number FRCL-2026-7668 was filed with the Harris County Clerk, posting the real property commonly known as 2232 Swift Boulevard, Houston, Texas 77030 (the “Property”) for a nonjudicial foreclosure sale on

Tuesday, November 3, 2026, with an earliest sale time of 10:00 a.m., at the Bayou City Event Center, 9401 Knight Road, Houston, Texas 77045. *See* Exhibit A.

2. Immediate relief is necessary for several independent reasons. The Property is unique real property; ownership is disputed; control is disputed; the Bank has admitted that it did not send MCITBE notice of the prior foreclosure posting, and MCITBE did not receive notice of the current November 3 posting; MCITBE has a buyer under a signed purchase contract; and, absent relief, the November 3 foreclosure sale will extinguish MCITBE's interest in the Property, whether as owner or as second-lien holder, and irreparably impair MCITBE's ability to preserve the Property and consummate that sale.

3. This Court has already found that emergency relief was warranted once before. On May 5, 2026, on a verified record, this Court found that "unless Defendants are immediately enjoined from foreclosing on Plaintiff's Harris County Property . . . or from posting the Property for any subsequent sale, Plaintiff will suffer immediate and irreparable harm, lose access to its property, and be permanently deprived of its equity in the Harris County Property, for which there is no adequate remedy at law. Real property is unique and its loss cannot be adequately compensated by money damages." The Court further found "that there is a genuine dispute between the parties, a probable right to recovery on Plaintiff's Claims," that "Plaintiff has not received notice of default, acceleration, or the May 2026 foreclosure posting in any capacity, whether as owner or as lienholder," and that "Defendants have not complied with this Court's prior orders requiring good-faith mediation as a condition precedent to further proceedings." *See* Exhibit C at 1.

4. The procedural posture later changed when MCITBE's chapter 11 case, Case No. 26-32580-mvl11 (Bankr. N.D. Tex.), was dismissed by order signed September 27, 2026 and

Unofficial Copy Office of Marilyn Burgess District Clerk

entered September 28, 2026. *See* Exhibit B. On October 1, 2026, MCITBE filed its Notice of Dismissal of Bankruptcy in this cause; approximately two weeks later, the Bank and Gribble re-posted the Property for a November 3, 2026 sale. *Id*.

5. MCITBE does not ask the Court to extend any prior restraining order or to decide the merits now. MCITBE asks for a fresh, short order addressed to the new November 3, 2026 foreclosure posting, the disputed ownership and control issues, and the existing buyer contract so the Court can preserve the Property immediately and then hear oral argument and evidence on temporary injunctive relief.

6. **Relief requested.** MCITBE respectfully requests that the Court:

- set this Application for a temporary-injunction hearing at the Court's earliest available setting and maintain the current November 19, 2026 temporary-injunction setting unless the Court can hear the matter sooner;
- sign the accompanying Temporary Restraining Order and Order Setting Temporary Injunction Hearing immediately to preserve the status quo until the temporary-injunction hearing can be held;
- restrain the November 3, 2026 foreclosure sale and any reposting, renoticing, or conducting of a trustee’s or substitute trustee’s sale of the Property before further order of the Court, except as necessary to withdraw or postpone the sale; restrain any self-help change in possession or control of the Property; and restrain any action or communication purporting to exercise control over MCITBE, Jetall/Croix Properties, LP, the Property, or any sale proceeds based on Vargo’s disputed assertion of control, except as authorized by further order of this Court;

Unofficial Copy Office of Marilyn Burgess District Clerk

- direct that relief to the Bank, Gribble, Vargo, any substitute trustee, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the order.

7. MCITBE stands ready to post the bond the Court fixes under Texas Rule of Civil Procedure 684 and requests that the Court set bond in an amount commensurate with the short, hearing-preserving relief requested. See § VII below.

## II. PARTIES, JURISDICTION, AND PROCEDURAL POSTURE

8. Plaintiff MCITBE, LLC is the plaintiff in this cause and asserts ownership and/or a lienholder interest in the Property as set forth in its live pleading and in the Verification attached as Exhibit L.

9. Defendant Security State Bank and Trust is identified in the Notice of Substitute Trustee's Sale as the Beneficiary and Holder of the obligation secured by the Deed of Trust. *See* Exhibit A.

10. Defendant Russel Gribble is identified in the Notice of Substitute Trustee's Sale as the Substitute Trustee, with an address c/o Patrick M. Dooley, Attorney at Law, 414 West Main Street, Fredericksburg, Texas 78624. *Id.*

11. Defendant Travis Vargo is a receiver appointed in Cause No. 2012-27197A and 2012-27197D, in the 333rd Judicial District Court of Harris County, Texas, and is the author of the instrument recorded in the Harris County Real Property Records at RP-2026-38584. *See* Exhibits F and I. MCITBE disputes that any order gives Vargo control over MCITBE, Jetall/Croix Properties, LP, the Property, or the proceeds of any sale of the Property.

12. This Court has jurisdiction over the subject matter and the parties, and venue is proper in Harris County because the Property is located in Harris County. The Court has authority

Unofficial Copy Office of Marilyn Burgess District Clerk

to grant the requested relief under Chapter 65 of the Texas Civil Practice and Remedies Code, Rules 680, 683, and 684 of the Texas Rules of Civil Procedure, and its inherent equitable authority to preserve the status quo and protect its jurisdiction over the subject matter of the suit.

13. This cause remains pending. The automatic stay that arose from MCITBE's chapter 11 case terminated upon dismissal. See 11 U.S.C. §§ 349, 362(c); Exhibit B. This Application is therefore properly presented in this cause rather than as a new suit.

Unofficial Copy Office of Marilyn Burgess District Clerk

## III. EMERGENCY FACTS

### A. The Deed of Trust, the Note, and the Property

14. The Notice of Substitute Trustee's Sale identifies a Deed of Trust dated October 25, 2023, with Grantor/Debtor identified as Jetall/Croix Properties, LP, Beneficiary/Holder identified as Security State Bank and Trust, and recording information RP-2023-412498 in the Official Public Records of Real Property of Harris County, Texas. The Notice further identifies a Note dated October 25, 2023, in the original principal amount of $1,707,842.40. *See* Exhibit A.

15. The Property is described in the Notice as the West 25 feet of Lot 21 and the adjoining East 40 feet of Lot 22, Block 9, Southgate, an addition in Harris County, Texas, commonly known as 2232 Swift Boulevard, Houston, Texas 77030. *Id.*

16. The Notice states that the sale is being conducted because of default under the Deed of Trust, that the sale will begin at the earliest time stated or within three hours after that time, and sets the sale for November 3, 2026 — the first Tuesday of the month — with an earliest time of 10:00 a.m. *Id.*; *see also* Tex. Prop. Code § 51.002(a).

### B. This Court's Prior Findings and the New November 3 Posting

17. On May 5, 2026, this Court granted MCITBE's verified emergency application and made the findings quoted in paragraph 3, and on May 18, 2026, it extended that order until the

conclusion of the rescheduled temporary-injunction hearing. *See* Exhibit C. Those findings remain relevant because the Property is the same, the threatened injury is the same, and the only material change is the new sale date.

18. The prior restraining order is no longer in effect because [STATE BASIS — e.g., the rescheduled temporary-injunction hearing did not go forward because of MCITBE's intervening chapter 11 filing, and the order lapsed under Rule 680]. MCITBE therefore presents this fresh, renewed verified application directed at the new November 3, 2026 posting. The requested order can be entered on a clean record, can expire by its own terms within the period Rule 680 allows, can set the temporary-injunction hearing, and can fix bond under Rule 684.

**C. The Bankruptcy Dismissal and Immediate Re-Posting**

19. MCITBE's chapter 11 case, Case No. 26-32580-mvl11, was dismissed by order signed September 27, 2026 and entered September 28, 2026. *See* Exhibit B. On October 1, 2026, MCITBE filed its Notice of Dismissal of Bankruptcy in this cause, advising the Court that the automatic stay terminated upon dismissal. *Id.*

20. Twelve days later, on October 13, 2026, the Notice of Substitute Trustee's Sale posting the Property for a November 3, 2026 sale was filed with the Harris County Clerk. *See* Exhibit A. The Court has set a temporary-injunction hearing for November 19, 2026, but the foreclosure sale is posted to occur before that hearing. Absent immediate relief preserving the status quo until the Court can hear the temporary-injunction request, the sale will occur and MCITBE's request for temporary injunctive relief will be rendered ineffective.

**D. Ownership, Control, Notice, and Marketability Are Disputed**

21. Ownership and control of the Property are disputed. The Bank's own officer admitted facts that support, at minimum, a bona fide issue as to MCITBE's right to relief. On May

Unofficial Copy Office of Marilyn Burgess District Clerk

12, 2026, Gribble, the Bank's branch president and the named substitute trustee, testified that MCITBE was the owner of the lot on Swift, that MCITBE was the only party with authority to pledge it, and that, under the written agreement, MCITBE put in the lot and "took back a second lien on that as collateral for the loan to build the home." *See* Exhibit K-1 at 7:9–11, 88:3–5, 88:14–20, 89:1–10. In later corporate-representative testimony, the Bank confirmed that it knew in 2023 that MCITBE would be the second-lien holder and that it "does not contend that the second lien was invalid." *See* Exhibit K-2.

22. Notice is disputed as well. Gribble admitted that the Bank did not provide notice of the prior foreclosure posting to MCITBE. When asked, "So did you send notice to MCITBE?" he first asserted, "We are under no obligation to send that to MCITBE," but then admitted, "We did not -- we did not send that to him." *See* Exhibit K-1 at 123:5–14. He further admitted that the Bank did not send the notice to Vargo, the receiver who claims to control MCITBE. Id. at 123:15–16. The Bank's later corporate-representative testimony likewise confirmed that the Bank did not send the acceleration and foreclosure notice to "the second lienholder or any other lienholder." *See* Exhibit K-2. MCITBE likewise did not receive notice of the October 13, 2026 posting. *See* Exhibit L.

23. Control is also disputed. Vargo has taken the position that he controls MCITBE, Jetall/Croix Properties, LP, the Property, and proceeds relating to the Property, but MCITBE disputes that any receivership, turnover, charging-order, or other order gives him that control. Vargo's recorded instrument asserts receiver control over MCITBE and the Property, while related communications reflect confusion over who may list, possess, control, or market the Property. *See* Exhibits F, G, H, I, and J.

Unofficial Copy Office of Marilyn Burgess District Clerk

24. Vargo's own statements undercut his claim of control. On April 4, 2025, he wrote that "Receiver has a charging order over the LLCs only" and that "I do not direct the acts and conduct of" three Choudhri-related entities and their lawyers, adding that he is "allowed to monitor." *See* Exhibit H. The day before, testifying under oath before United States Bankruptcy Judge Shad Robinson in In re Texas REIT, LLC, No. 24-10120-smr (Bankr. W.D. Tex.), Vargo stated, "I have a right to his distributions only." *See* Exhibit J at 35:5–6. The amended receivership orders name only Ali Choudhri, Dalio Holdings I, LLC, and Dalio Holdings II, LLC as judgment debtors; MCITBE is not one of them. *See* Exhibit I. Although the orders list MCITBE among the limited liability companies in which Choudhri is alleged to hold a membership interest, they expressly exclude Choudhri's LLC interests from the turned-over assets and reach those interests only through a charging order on distributions. *Id.* And Vargo has declined to state the balance owed on the judgments he is collecting. *See* Exhibit E ¶¶ 5–7.

25. Marketability is also at immediate risk. MCITBE has a buyer under a signed purchase contract, and the competing assertions of ownership and control threaten MCITBE's ability to preserve and consummate that transaction. *See* Exhibit M. These issues need not be finally decided on this emergency record; they are additional reasons to preserve the status quo immediately until the November 19, 2026 temporary-injunction hearing, or any earlier setting the Court can provide.

## IV. CAUSES OF ACTION SUPPORTING A PROBABLE RIGHT OF RECOVERY

26. MCITBE incorporates by reference its live pleading, including Plaintiff's First Amended Petition and Application for Temporary Injunction, and the causes of action pleaded there, which include statutory fraud, fraudulent inducement, civil conspiracy, tortious interference, rescission, equitable subordination, breach of contract, and declaratory relief. *See* Exhibit D. For

Unofficial Copy Office of Marilyn Burgess District Clerk

present purposes, those pleaded claims, the disputed ownership and control issues, the Bank's no-notice testimony, and the existing buyer contract raise bona fide issues sufficient to preserve the status quo immediately until the Court can hear temporary injunctive relief.

27. A temporary-injunction applicant need not prove it will finally prevail. The merits are not tried at this stage; the Court's role is to decide whether the status quo should be preserved so the requested relief is not rendered meaningless before the case can be heard.

Unofficial Copy Office of Marilyn Burgess District Clerk

## V. ARGUMENT AND AUTHORITIES

### A. Legal Standard

28. To obtain a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The status quo to be preserved is the last actual, peaceable, noncontested status that preceded the pending controversy. *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004).

29. Section 65.011 of the Texas Civil Practice and Remedies Code independently authorizes the relief requested here. A writ of injunction may be granted where the applicant is entitled to the relief demanded and the relief requires the restraint of an act prejudicial to the applicant; where a party is doing or about to do an act relating to the subject of pending litigation, in violation of the applicant's rights, that would tend to render the judgment ineffectual; where the applicant is entitled to a writ under the principles of equity and the statutes of this state; where irreparable injury to real or personal property is threatened, irrespective of any remedy at law; and where a cloud would be placed on the title of real property being sold under an execution against a party having no interest in the property at the time of sale. Tex. Civ. Prac. & Rem. Code § 65.011(1)–(5).

30. Those grounds are presented here. The November 3 sale is an act relating to the subject of this pending litigation that would tend to render any later judgment for MCITBE ineffectual; the threatened injury is to unique real property; ownership and control are disputed; and the sale and competing assertions of control threaten MCITBE's ability to preserve and consummate an existing purchase contract.

31. The status quo to be preserved is concrete and limited: no foreclosure sale of the Property, no reposting or renoticing of a sale before further order of the Court, no completed transfer of title, no transfer of the Note or Deed of Trust lien for the purpose or effect of frustrating this Court's jurisdiction, no self-help change in possession, and no action or communication purporting to exercise disputed control over MCITBE, Jetall/Croix Properties, LP, the Property, or any sale proceeds before the Court can hear temporary injunctive relief.

**B. Real Property Is Unique and the Threatened Injury Is Irreparable**

32. Texas law has long recognized that each parcel of real estate is unique and that the loss of an interest in real property is an injury for which there is no adequate remedy at law. This Court so found on May 5, 2026. *See* Exhibit C. Nothing about the Property has changed; only the sale date has.

33. The injury here is not merely delay or collection pressure. A completed nonjudicial sale would transfer or purport to transfer title, extinguish or severely impair the very property interest MCITBE asks this Court to protect, defeat or impair MCITBE's ability to consummate its signed purchase contract, and introduce purchaser-right issues that a short, bonded restraint can avoid. Those consequences would make the temporary-injunction hearing ineffective if the sale occurs first.

Unofficial Copy Office of Marilyn Burgess District Clerk

34. The Court need not decide whether MCITBE holds title or a second lien to find irreparable harm, because the November 3 sale destroys MCITBE's interest either way. If MCITBE is the owner, the sale divests its title. If MCITBE is the second-lien holder, a lien the Bank's own officer confirmed MCITBE took back as collateral for the loan (Exhibit K-1 at 88:14–20), a sale under the Bank's asserted senior lien would extinguish that junior lien. Either way, MCITBE loses its interest at an auction of which it received no notice. A third-party purchaser at that auction may also assert bona fide purchaser status, which would make restoration of title uncertain regardless of the merits and would add a fifth claimant to a dispute already involving MCITBE, Jetall/Croix Properties, LP, the Bank, and Vargo.

**C. The Balance of Equities and the Public Interest Favor Preservation**

35. The harm to MCITBE from an erroneous denial is the loss or severe impairment of its claimed interest in unique real property, the disruption of disputed possession and control, and the threatened loss or impairment of an existing buyer transaction. The harm to the Bank from a brief, bonded delay is, at most, the time value of money for the short period between entry of the TRO and the temporary-injunction hearing — a harm that can be secured by the bond the Court fixes under Rule 684.

36. The public interest is served by ensuring that Harris County real property is not transferred at auction before a district court of this county can hear whether the sale should be temporarily enjoined.

**D. A Temporary Restraining Order Is Necessary Immediately Because the Temporary-Injunction Hearing Is Set for November 19**

37. MCITBE's first request is a prompt temporary-injunction hearing, but the current temporary-injunction hearing is set for November 19, 2026. The posted foreclosure sale is imminent and is scheduled to occur before that hearing. Because MCITBE cannot postpone the

Unofficial Copy Office of Marilyn Burgess District Clerk

sale acting alone, immediate TRO relief is necessary now to preserve the Court's ability to hear and decide temporary injunctive relief on a meaningful record.

38. Where the hearing cannot precede the harm, Rule 680 provides the bridge. MCITBE requests that the Court sign the accompanying Temporary Restraining Order and Order Setting Temporary Injunction Hearing immediately to preserve the Property, the disputed ownership and control status quo, and MCITBE's buyer transaction until the temporary-injunction hearing can be held. The order states the specific reasons for issuance, defines the irreparable injury, describes the restrained acts in reasonable detail, expires by its own terms within the period Rule 680 allows, fixes bond under Rule 684, and sets or preserves the temporary-injunction hearing.

39. Because a restraining order may not exceed fourteen days, MCITBE asks the Court either to set the temporary-injunction hearing on or before the order's expiration date or, if the November 19, 2026 setting is kept, to find good cause now for one extension under Rule 680 so that the order remains in effect through that hearing.

40. MCITBE requests the restraining order on notice to Defendants. This Application and the proposed order are being served on all counsel of record through the electronic filing manager and by email contemporaneously with filing, and MCITBE is also serving the substitute trustee at the address identified in the Notice of Substitute Trustee's Sale. The fixed November 3, 2026 sale date, the disputed assertions of control, and the existing buyer contract establish the need for immediate relief now.

Unofficial Copy Office of Marilyn Burgess District Clerk

### E. The Relief Requested Is Narrow, Specific, and Enforceable

41. MCITBE does not ask the Court to void anything, adjudicate the validity of the Note or Deed of Trust, determine the ultimate scope of the 333rd District Court's receivership

orders, or award merits relief. MCITBE asks only that the parties be held in place as to this Property until the temporary-injunction hearing: no sale, no reposting before further order, no transfer designed to frustrate this Court's jurisdiction, no self-help change in possession, no interference with MCITBE's buyer contract, and no exercise of disputed control over MCITBE, Jetall/Croix Properties, LP, the Property, or sale proceeds.

42. The proposed orders are drafted to bind the parties and their officers, agents, servants, employees, attorneys, substitute trustees, and those in active concert or participation with them who receive actual notice, consistent with Rule 683, and to describe each restrained act in reasonable detail rather than by reference to another document.

43. MCITBE also requests practical scheduling relief necessary to make the temporary-injunction hearing meaningful, including preservation of the November 19, 2026 setting or an earlier setting if the Court can provide one, an expedited response deadline, permission to rely on verified declarations and deposition excerpts to the extent permitted by law, and remote testimony or other practical accommodations if necessary.

## VI. REQUEST FOR EXPEDITED TEMPORARY INJUNCTION HEARING

44. MCITBE requests that the Court preserve the November 19, 2026 temporary-injunction hearing setting or set this Application for an earlier temporary-injunction hearing if the Court can do so. MCITBE is prepared to proceed on short notice and estimates that the hearing can be presented in approximately one hour through oral argument, verified evidence, and limited deposition excerpts unless the Court requests live testimony.

45. MCITBE further requests that the Court sign the accompanying temporary restraining order immediately so that the November 19 temporary-injunction hearing is not

Unofficial Copy Office of Marilyn Burgess District Clerk

rendered academic by the intervening foreclosure sale, disputed exercise of control, or loss of the buyer transaction.

46. MCITBE further requests that the Court set any response to this Application on an expedited deadline and allow practical accommodations necessary to ensure the temporary-injunction hearing occurs on November 19, 2026 or earlier if possible.

## VII. BOND

47. MCITBE recognizes that the Court must fix the amount of security before a restraining order or temporary injunction issues. Tex. R. Civ. P. 684. MCITBE requests that the Court set bond in a reasonable amount commensurate with the short duration of the relief and the fully secured position the Bank asserts, and suggests $________. MCITBE is prepared to post the bond the Court fixes within 24 hours of entry of the order.

## VIII. VERIFICATION AND EVIDENCE

48. This Application is verified by the declaration of Paul Cox, authorized representative of MCITBE, LLC, attached as Exhibit L and incorporated by reference for all purposes. The exhibits identified in the attached Exhibit Index are attached and incorporated by reference.

49. The Verification also authenticates the key emergency exhibits, confirms the November 3, 2026 sale date and earliest sale time, confirms MCITBE's claimed ownership and lienholder interests, describes the lack of notice to MCITBE, explains why loss of the Property cannot be adequately compensated by damages, describes the disputed title, possession, control, and marketability issues involving Vargo, and confirms MCITBE's ability and willingness to post a reasonable bond fixed by the Court.

Unofficial Copy Office of Marilyn Burgess District Clerk

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff MCITBE, LLC respectfully requests that the Court:

- preserve the November 19, 2026 temporary-injunction hearing setting or set this Application for an earlier evidentiary temporary-injunction hearing if the Court can do so;
- sign the accompanying Temporary Restraining Order and Order Setting Temporary Injunction Hearing immediately, restraining Defendants Security State Bank and Trust and Russel Gribble, any substitute trustee, Defendant Travis Vargo, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the order, from conducting the November 3, 2026 foreclosure sale of the Property; from reposting, renoticing, rescheduling, or conducting any other trustee's or substitute trustee's sale of the Property before further order of the Court, except as necessary to withdraw or postpone the sale; from selling, assigning, transferring, pledging, or encumbering the Note or the Deed of Trust lien for the purpose or effect of frustrating this Court's jurisdiction or the requested temporary injunctive relief; from changing locks, excluding MCITBE, or otherwise altering possession of the Property; from interfering with MCITBE's signed buyer contract; and from taking any action or making any communication purporting to exercise disputed control over MCITBE, Jetall/Croix Properties, LP, the Property, or any sale proceeds, in each case without further order of this Court;
- fix bond in a reasonable amount under Rule 684;

Unofficial Copy Office of Marilyn Burgess District Clerk

- after hearing, grant a temporary injunction sufficient to preserve the status quo pending trial or further order of the Court, including the status quo as to title, possession, control, marketability, and any buyer transaction, and set this case for trial on the merits; and
- grant MCITBE such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

FBT GIBBONS LLP

By: /s/ Derek R. Staub
Derek R. Staub
State Bar No. 24063017
dstaub@fbtgibbons.com

2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: 214.545.3472
Telecopy: 214.545.3473

**ATTORNEYS FOR PLAINTIFF MCITBE, LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned counsel certifies that, because of the emergency nature of the relief requested and the lack of time before the foreclosure sale posted for November 3, 2026, no conference with counsel for Defendants Security State Bank and Trust and Russel Gribble, or with counsel for Defendant Travis Vargo, Michael Poynter, was held before this Application was filed. Given the nature of the relief requested, Plaintiff presumes that Defendants oppose the relief requested in this Application. Plaintiff is serving this Application and the proposed order on all counsel of record contemporaneously with filing, and the matter is presented to the Court for ruling.

*/s/ Derek R. Staub*
Derek R. Staub

Unofficial Copy Office of Marilyn Burgess District Clerk

**CERTIFICATE OF SERVICE**

I certify that on 2nd day of November, a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure through the electronic filing manager.

*/s/ Derek R. Staub*
Derek R. Staub

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Theressa Washington on behalf of Derek Staub
Bar No. 24063017
twashington@fbtgibbons.com
Envelope ID: 121963093
Filing Code Description: No Fee Documents
Filing Description: 20261102 Pltfs Renewed Verified Emergency Application for TRO TI and Expedited Hearing
Status as of 11/2/2026 3:58 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Derek RyanStaub | | dstaub@fbtgibbons.com | 11/2/2026 2:40:14 PM | SENT |
| Michael Poynter | 24092991 | mpoynter@vargolawfirm.com | 11/2/2026 2:40:14 PM | SENT |
| Trish Aycock | | trish@aycock.law | 11/2/2026 2:40:14 PM | SENT |
| Theressa Washington | | twashington@fbtgibbons.com | 11/2/2026 2:40:14 PM | SENT |
| Justin Rayome | | justin.rayome.law@gmail.com | 11/2/2026 2:40:14 PM | SENT |
| Jim Aycock | 24034309 | jim@aycock.law | 11/2/2026 2:40:14 PM | SENT |
| Travis Vargo | 24047027 | tvargo@vargolawfirm.com | 11/2/2026 2:40:14 PM | SENT |
| Gia Samavati | 24076666 | gia@trialninjas.com | 11/2/2026 2:40:14 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk