11/2/2026 2:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 121960681
By: Julio Garcia
Filed: 11/2/2026 2:00 PM



**CAUSE NO. _____________**

| | | |
|---|---|---|
| ALI CHOUDHRI, derivatively on behalf of JETALL/CROIX PROPERTIES, LP, Plaintiff, | § | IN THE DISTRICT COURT OF |
| v. | § | |
| SECURITY STATE BANK AND TRUST and RUSSEL GRIBBLE, Substitute Trustee, Defendants, | § | HARRIS COUNTY, TEXAS |
| and | § | |
| JETALL/CROIX PROPERTIES, LP, Nominal Defendant. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF ALI CHOUDHRI'S VERIFIED DERIVATIVE PETITION ON BEHALF OF JETALL/CROIX PROPERTIES, LP AND EX PARTE EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ali Choudhri ("Choudhri"), pro se, derivatively on behalf of Jetall/Croix Properties, LP ("Jetall/Croix"), files this Verified Derivative Petition and Ex Parte Emergency Application for Temporary Restraining Order and Temporary Injunction against Defendants Security State Bank and Trust ("SSBT") and Russel Gribble ("Gribble"), with Jetall/Croix as nominal defendant, and respectfully shows as follows.

Unofficial Copy Office of Marilyn Burgess District Clerk

## I. SUMMARY AND EMERGENCY RELIEF REQUESTED

1. SSBT has posted the real property commonly known as 2232 Swift Boulevard, Houston, Texas 77030 (the "Property") for a nonjudicial substitute trustee's sale on **Tuesday, November 3, 2026, with an earliest sale time of 10:00 a.m.**, at the Bayou City Event Center, 9401 Knight Road, Houston, Texas 77045 (Harris County foreclosure no. FRCL-2026-7668).

Ex. A.

2. SSBT's own Notice of Substitute Trustee's Sale identifies Jetall/Croix as the Grantor under the Deed of Trust it seeks to foreclose. Ex. A. SSBT has also taken the position that the substitute trustee's deed conveying the Property to MCITBE, LLC ("MCITBE") is void. SSBT's Supplemental Brief in Support of Motion for Relief from the Automatic Stay ¶¶ 13, 70–81, *In re MCITBE, LLC*, No. 26-32580-mvl11 (Bankr. N.D. Tex. Aug. 26, 2026), ECF No. 90. On SSBT's own theory, then, Jetall/Croix owns the Property, and SSBT is about to sell Jetall/Croix's property at auction.

3. SSBT has no present right to do so. SSBT extended the Note's maturity to July 23, 2028, and SSBT's asserted default and acceleration are disputed. A completed sale would permanently divest title to unique real property before any court hears that dispute.

4. On May 5, 2026, the 129th District Court, considering a verified record concerning this same Property, found that a foreclosure sale would cause "immediate and irreparable harm" and that "[r]eal property is unique and its loss cannot be adequately compensated by money damages." Ex. C at 1.

5. Choudhri is a limited partner of Jetall/Croix holding a 49.5% Partnership Interest and is one of the two Managers of its general partner. Travis Vargo, a post-judgment receiver over Choudhri's non-exempt assets, wrongfully contends that he controls Jetall/Croix. He has written that the turnover orders provide "for my authority over the entity in question (Jetall-Croix)." Ex. P at 2. Yet he testified under oath that he holds "only a charging order" and has "a right to his distributions only." Ex. J at 27:1–6, 35:1–6. Vargo's contention has kept Jetall/Croix's general partner from acting to protect the Property, so Choudhri brings this action on Jetall/Croix's behalf under Texas Business Organizations Code § 153.401. Choudhri asks only that the status quo be held in place. Specifically, Choudhri requests that the Court:

(a) sign the accompanying Ex Parte Temporary Restraining Order immediately, without notice, restraining the November 3, 2026 sale and any reposting or

Unofficial Copy Office of Marilyn Burgess District Clerk

rescheduling of a sale of the Property before further order of the Court;

(b) set a temporary-injunction hearing on or before the date the restraining order expires; and

(c) set bond at $100 under Texas Rule of Civil Procedure 684.

## II. PARTIES, JURISDICTION, VENUE, AND RELATED PROCEEDINGS

6. **Parties.**

(a) Plaintiff Ali Choudhri is an individual residing in Harris County, Texas. He has been a limited partner of Jetall/Croix since June 15, 2010, and holds a 49.5% Partnership Interest. Ex. L at 1, Ex. A thereto. He is also one of the two Managers of Jetall/Croix GP, LLC, Jetall/Croix's general partner. Ex. M § 4.2.

(b) Nominal Defendant Jetall/Croix Properties, LP is a Texas limited partnership. It may be served through its general partner, Jetall/Croix GP, LLC, by serving its registered agent or either of its Managers, Ali Choudhri or Michael Croix, 25775 Oak Ridge Dr., #120, The Woodlands, Texas 77380.

(c) Defendant Security State Bank and Trust is identified in the Notice of Substitute Trustee's Sale as Beneficiary and Holder of the obligation secured by the Deed of Trust. It may be served at 201 W. Main Street, Fredericksburg, Texas 78624, or through its counsel of record if counsel agrees to accept service.

(d) Defendant Russel Gribble is the named Substitute Trustee and is sued in that capacity. He may be served c/o Patrick M. Dooley, Attorney at Law, 414 West Main Street, Fredericksburg, Texas 78624, the address stated in the Notice (Ex. A), or wherever he may be found.

7. **Discovery level and Rule 47 statement.** Choudhri intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190. Under Rule 47(c), Choudhri seeks only non-monetary relief, including declaratory and injunctive relief.

Unofficial Copy Office of Marilyn Burgess District Clerk

8. **Jurisdiction, venue, and related proceedings.** The Court has subject-matter jurisdiction because the relief sought is within its jurisdictional limits. Venue is mandatory in Harris County under Texas Civil Practice and Remedies Code § 15.011, because this suit concerns title to, and the prevention of an encumbrance or sale of, real property located in Harris County. Related proceedings involving the Property: Cause No. 2026-06827 (80th Dist. Ct.) (dismissed Mar. 2, 2026); Cause No. 2026-22035 (129th Dist. Ct.); *In re MCITBE, LLC*, No. 26-32580-mvl11 (Bankr. N.D. Tex.); and Cause Nos. 2012-27197-A and 2012-27197-D (333rd Dist. Ct.).

9. **Alternative pleading; no concession.** Under Texas Rule of Civil Procedure 48, Choudhri pleads in the alternative. Choudhri does not contest MCITBE's claimed interest in the Property, and nothing in this petition concedes SSBT's contention that the substitute trustee's deed to MCITBE is void. Choudhri pleads that, **to the extent SSBT's position that Jetall/Croix holds title is accepted**, Jetall/Croix is entitled to the relief requested here. Nothing in this petition concedes the validity, priority, amount, maturity, or present enforceability of SSBT's asserted lien or asserted debt.

Unofficial Copy Office of Marilyn Burgess District Clerk

## III. DERIVATIVE ALLEGATIONS

10. **Standing.** A limited partner may bring an action on behalf of the limited partnership if all general partners with authority to bring the action have refused to do so, or if an effort to cause them to bring it is not likely to succeed. Tex. Bus. Orgs. Code § 153.401. Choudhri has been a limited partner of Jetall/Croix continuously since June 15, 2010, including when the conduct complained of occurred and today. *Id.* § 153.402; Ex. L, Ex. A thereto.

11. **Why an effort to have the general partner sue would not succeed** (Tex. Bus. Orgs. Code § 153.403). Jetall/Croix acts only through its general partner. Ex. L § 4.1. An effort to have the general partner bring this action before the sale is not likely to succeed, for three

reasons. *First*, Vargo wrongfully claims control of Jetall/Croix (Ex. P at 2), even though he testified under oath that he holds "only a charging order" and has "a right to his distributions only" (Ex. J at 27:1–6, 35:1–6), and that claim has kept the general partner from acting. *Second*, Vargo has clouded title to the Property by recording a Notice of Receivership claiming "all rights and control to MCITBE, LLC" and listing the Property (Ex. F), and a broker acting for him had the Property's listing terminated (Ex. O). *Third*, SSBT, fully aware of these disputes over control and title, has posted the Property for sale at 10:00 a.m. on November 3, 2026, leaving no time for the general partner to act.

12. **Vargo's claim of control is wrong.** An encumbrance on a partnership interest gives the assignee no "right to vote on any Partnership matters" and no right to "make any direct or indirect interference with the management of the Partnership by the General Partner." Ex. L § 5.5; *accord* Ex. M § 5.11. Vargo's own sworn testimony is that he holds "only a charging order" and has "a right to his distributions only." Ex. J at 27:1–6, 35:1–6. Michael Croix, the general partner's other Manager, has himself written that Vargo acted without authority. On February 17, 2026, he wrote: "I did not authorize Travis Vargo to list the property for sale. He told me he did not need my authorization and that he would just change the locks if I did not provide a key." Ex. N. Six days earlier, a broker who said she had been "hired by the attorney representing the estate" had told the Property's listing broker, copying Vargo, that "this property is currently under the control of the court" and demanded that the listing be terminated. Ex. O.

13. **Choudhri fairly represents Jetall/Croix.** Choudhri seeks only to preserve Jetall/Croix's interest in the Property, for the benefit of the partnership, its creditors, and both limited partners. Any recovery belongs to Jetall/Croix.

## IV. EMERGENCY FACTS

Unofficial Copy Office of Marilyn Burgess District Clerk

14. **The loan documents.** SSBT's Notice identifies a Deed of Trust and a Note, each dated October 25, 2023. The Note's original principal amount is $1,707,842.40, and the Deed of Trust is recorded at RP-2023-412498. The Notice identifies Jetall/Croix as Grantor/Debtor and SSBT as Beneficiary. Exs. A, B.

15. **The extended maturity.** By an Extension of Real Estate Note and Lien dated January 23, 2025, SSBT extended the maturity of the Note to **July 23, 2028**. Ex. D at 1 (Payment terms: monthly installments "until July 23, 2028 when the entire amount hereof, principal and interest then remaining unpaid, shall be due and payable").

16. **The 129th District Court's prior findings.** On May 5, 2026, in Cause No. 2026-22035, on MCITBE's verified application concerning this same Property, the 129th District Court found that unless Defendants were enjoined from foreclosing, the plaintiff "will suffer immediate and irreparable harm, lose access to its property, and be permanently deprived of its equity in the Harris County Property, for which there is no adequate remedy at law. Real property is unique and its loss cannot be adequately compensated by money damages." Ex. C at 1. The Court also found "a genuine dispute between the parties" and that "Defendants have not complied with this Court's prior orders requiring good-faith mediation." *Id.*

17. **The new posting.** On October 13, 2026, at 1:28:31 p.m., the Notice of Substitute Trustee's Sale setting the November 3, 2026 sale was filed with the Harris County Clerk. Ex. A. No court can hear a temporary-injunction application before the posted sale. The temporary-injunction hearing in Cause No. 2026-22035 is set for November 19, 2026, after the sale date, and Jetall/Croix is not a party to that cause. Choudhri, a Manager of Jetall/Croix's general partner, received no notice of the November 3, 2026 sale, and to his knowledge Jetall/Croix received none. Decl. of Ali Choudhri ¶ 7.

18. **SSBT's competing ownership positions.** SSBT forecloses against Jetall/Croix as Grantor (Ex. A) while contending that MCITBE's deed is void. ECF No. 90 ¶¶ 13, 70–81.

Unofficial Copy Office of Marilyn Burgess District Clerk

Gribble, SSBT's branch president (Ex. E at 7:9–11) and the named substitute trustee, testified that the lot was pledged into the 2023 loan, with MCITBE taking back "a second lien on that as collateral for the loan." Ex. E (Gribble Dep., May 12, 2026) at 88:14–20.

19. **SSBT's bad faith.** SSBT has not acted as a lender seeking repayment. Testifying on September 22, 2026 as SSBT's corporate representative, Gribble admitted the following. Ex. Q.

(a) He called George M. Lee about the Property, "the George Lee that had the clouded title," after Croix gave him Lee's number. Ex. Q at 42:21–24, 124:3–9.

(b) He made that call while "the loan was still being paid on time," "most likely February of '25." *Id.* at 131:17–23. SSBT says the loan did not go into default until October 28, 2025. *Id.* at 116:7–12.

(c) He asked Lee whether Lee wanted to buy SSBT's note. *Id.* at 42:25–43:12, 133:17–134:3. SSBT had also signed "an agreement . . . to potentially have somebody purchase the note" with a second person named George S. Lee. *Id.* at 49:24–50:5. And Osama Abdullatif, whose abstract of judgment also appears on the Property's title, "did offer to buy the note." *Id.* at 45:9–17, 52:10–12.

(d) SSBT knew "the title was clouded by Mr. Abdullatif and Mr. Lee," that "the title company cannot give clear title without the lis pendens being removed," and that the cloud "was the issue why it couldn't close." *Id.* at 42:10–20, 120:16–121:4, 129:23–25. Had the Property sold, SSBT "[t]ypically" would have been paid from the closing. *Id.* at 121:6–10.

(e) Asked who owns the Property, SSBT answered that "the actual ownership has never really been relevant." *Id.* at 32:9–33:1. Asked who controls Jetall/Croix, SSBT named its two owners, Croix and Choudhri, not Vargo. *Id.* at 33:16–34:4.

(f) Gribble explained that he "was trying to find a way to make the bank whole." *Id.* at 136:3–4.

Unofficial Copy Office of Marilyn Burgess District Clerk

SSBT did not send its foreclosure notice to MCITBE, the second-lien holder, or to Vargo. Ex. E at 123:5–16. And the 129th District Court has found that Defendants failed to comply with its orders requiring good-faith mediation. Ex. C at 1.

20. **Disputed control.** Travis Vargo, a receiver appointed in Cause Nos. 2012-27197-A and 2012-27197-D in the 333rd Judicial District Court, recorded a Notice of Receivership at RP-2026-38584 on February 3, 2026. That notice asserts control over MCITBE and the Property. Ex. F. The receivership orders name Ali Choudhri, Dalio Holdings I, LLC, and Dalio Holdings II, LLC as the judgment debtors. Exs. G, H. Neither Jetall/Croix nor MCITBE is named as a judgment debtor. To the extent Vargo asserts control over Jetall/Croix or its property, Jetall/Croix disputes it. Vargo's own statements contradict any claim of control. On April 4, 2025, Vargo wrote to Choudhri's counsel that "Receiver has a charging order over the LLCs only" and that he does "not direct the acts and conduct" of Choudhri's entities. Ex. I. The day before, testifying under oath before United States Bankruptcy Judge Shad Robinson in *In re Texas REIT, LLC*, No. 24-10120-smr (Bankr. W.D. Tex.), Vargo disclaimed any effort to control Choudhri's LLC interests. He testified that "[t]his order does not turn over his LLC interest to me," that he held "only a charging order," that he was "not seeking an interest in the LLC," and that distributions to Choudhri individually were "all I'm entitled to under the state court order." Ex. J (Apr. 3, 2025 Hr'g Tr.) at 19:22–21:19, 27:1–28:7. Asked about Choudhri's membership interest, he answered: "I have a right to his distributions only." *Id.* at 35:1–6; *see id.* at 35:7–36:3. Vargo has also refused to state the balance owed on the judgments he is collecting. Ex. K ¶¶ 5–7. [Confirm whether any order or charging order addresses partnership interests in Jetall/Croix.]

Unofficial Copy Office of Marilyn Burgess District Clerk

## V. CAUSES OF ACTION AND PROBABLE RIGHT OF RECOVERY

21. An applicant for temporary relief need not show it will finally prevail. It must plead a cause of action and show a probable right to the relief sought, meaning a bona fide

issue as to its right to ultimate relief. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

22. **Count 1 — Declaratory judgment** (Tex. Civ. Prac. & Rem. Code ch. 37). Choudhri, on behalf of Jetall/Croix, seeks a declaration that SSBT has no present right to conduct a nonjudicial sale of the Property, because (a) the Note as extended does not mature until July 23, 2028, (b) SSBT's asserted default and acceleration are invalid or disputed, and (c) Jetall/Croix has not received notice of the November 3, 2026 sale, and SSBT has not shown that notice was served on Jetall/Croix as Texas Property Code § 51.002(b) requires.

23. **Count 2 — Breach of contract.** The Note, Deed of Trust, and Extension of Real Estate Note and Lien are contracts between SSBT and Jetall/Croix. Posting and conducting a sale before maturity, and without a valid default and acceleration, would breach those contracts.

24. **Count 3 — Suit to quiet title** (in the alternative). To the extent the Court determines that Jetall/Croix holds title, SSBT's asserted right to sell under a disputed default casts a cloud on that title.

25. **Why there is a bona fide issue.** Each of the following independently presents a bona fide issue for trial:

(a) the extension agreement sets maturity at July 23, 2028 (Ex. D);

(b) SSBT's asserted default and acceleration are disputed;

(c) SSBT forecloses against Jetall/Croix as Grantor while contending in other proceedings that the ownership question cuts a different way; and

(d) the 129th District Court has already found a "genuine dispute between the parties" concerning this same Property (Ex. C at 1).

## VI. IRREPARABLE HARM

Unofficial Copy Office of Marilyn Burgess District Clerk

26. **The 129th District Court has already found irreparable harm on this Property.** The Property, the threatened act, and the threatened injury are the same as on May 5, 2026, when the 129th District Court found that a sale would cause "immediate and irreparable harm" and that the loss of this unique real property "cannot be adequately compensated by money damages." Ex. C at 1. Only the sale date has changed.

27. **The sale permanently divests title under SSBT's own theory.** SSBT contends Jetall/Croix is the owner. If so, a completed sale on November 3 would strip Jetall/Croix of title to unique real property in a single morning, without any court having heard the dispute over maturity and acceleration.

28. **Restoration after the fact is uncertain.** A third-party purchaser at a nonjudicial auction may assert bona fide purchaser status. That would make the return of title uncertain or impossible regardless of how the merits are later decided. A short restraint avoids that problem; a post-sale lawsuit cannot.

29. **The sale creates liability that money cannot undo.** SSBT's own officer admits the clouds on title "keep it from being sold" (Ex. E at 60:16–22), so an auction under those clouds will not bring fair value. A sale price below the asserted debt would expose Jetall/Croix, and the personal guarantor SSBT required on the loan (Ex. E at 88:6–11), to a claimed deficiency. That exposure is based on a debt whose maturity and acceleration are disputed.

30. **A sale multiplies the litigation.** Ownership and control of the Property are already contested among MCITBE, Jetall/Croix, SSBT, and Vargo. A sale would add an auction purchaser as a fifth claimant, and every later ruling in every pending proceeding would then have to account for that purchaser's rights. Holding the status quo keeps the dispute decidable before title changes hands.

31. **The status quo to be preserved** is the last actual, peaceable, non-contested status before this controversy: the Property unsold, title not transferred to any third party, and no sale

Unofficial Copy Office of Marilyn Burgess District Clerk

posted. *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004).

## VII. BALANCE OF EQUITIES, TIMING, AND BOND

32. **Balance of equities.** Jetall/Croix would lose title to unique real property. SSBT would face a short, bonded pause in collection on a debt it describes as fully secured, and its asserted debt continues to accrue interest under its own terms in the meantime. The public interest favors letting a court of this county hear a contested foreclosure before the land is auctioned.

33. **Why relief is needed now.** The sale is posted for 10:00 a.m. on November 3, 2026, before any temporary-injunction hearing can be held in this cause. Neither Choudhri nor Jetall/Croix can postpone the sale. Absent a restraining order today, the temporary-injunction hearing will be academic.

34. **Rule 680 timing.** A restraining order may last no more than fourteen days. Choudhri therefore asks the Court to set the temporary-injunction hearing on or before the expiration date stated in the order. Alternatively, Choudhri asks the Court to find good cause now for one extension under Rule 680 if the hearing cannot be held within fourteen days.

35. **Ex parte relief.** Texas Rule of Civil Procedure 680 permits a temporary restraining order without notice when the verified facts show that immediate and irreparable injury will result before notice can be served and a hearing held. The sale is posted for 10:00 a.m. on November 3, 2026. There is not time to serve Defendants and hold a hearing before the sale begins, and the sale itself is the irreparable injury. Choudhri therefore asks the Court to grant the restraining order ex parte.

36. **Bond.** Choudhri requests that the Court set bond at $100 and will post it within 24 hours of the order.

## VIII. PRAYER

Unofficial Copy Office of Marilyn Burgess District Clerk

WHEREFORE, Plaintiff Ali Choudhri, derivatively on behalf of Jetall/Croix Properties, LP, respectfully requests that the Court:

(a) sign the accompanying Ex Parte Temporary Restraining Order immediately, without notice, restraining SSBT, Gribble, and any substitute trustee, together with their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the order, from conducting the November 3, 2026 sale of the Property and from posting, reposting, noticing, rescheduling, or conducting any trustee's or substitute trustee's sale of the Property before further order of the Court, except to withdraw or postpone the sale;

(b) set the temporary-injunction hearing on or before the restraining order's expiration date, or find good cause for one extension under Rule 680;

(c) fix bond at $100;

(d) after hearing, grant a temporary injunction preserving the status quo pending trial;

(e) on final trial, declare that SSBT has no present right to conduct a nonjudicial sale of the Property, and grant judgment in favor of Jetall/Croix on the claims asserted on its behalf; and

(f) grant all other relief to which Choudhri and Jetall/Croix are justly entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

*/s/ Ali Choudhri*

Ali Choudhri, *pro se*
4521 San Felipe Street, Unit 3201
Houston, Texas 77027
Tel.: (281) 630-6627
Email: ali@jetallcapital.com
**PLAINTIFF, DERIVATIVELY ON BEHALF OF JETALL/CROIX PROPERTIES, LP**

Unofficial Copy Office of Marilyn Burgess District Clerk

**UNSWORN DECLARATION OF ALI CHOUDHRI**
**(Tex. Civ. Prac. & Rem. Code § 132.001)**

1. My name is Ali Choudhri, my date of birth is January 24, 1980, and my address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027, United States of America. I am the Plaintiff in this action.

2. I have been a limited partner of Jetall/Croix Properties, LP ("Jetall/Croix") since June 15, 2010, and I hold a 49.5% Partnership Interest. I am also one of the two Managers of Jetall/Croix GP, LLC, its general partner. The other Manager is Michael Croix.

3. I have read the foregoing Verified Derivative Petition and Ex Parte Emergency Application. I have personal knowledge of the facts stated in Parts II through VII, and they are true and correct. The documents attached as Exhibits A through Q are true and correct copies of what they purport to be.

4. **Immediate and irreparable harm.** Security State Bank and Trust has posted the real property at 2232 Swift Boulevard, Houston, Texas 77030 (the "Property") for a substitute trustee's sale at 10:00 a.m. on November 3, 2026. Neither I nor Jetall/Croix can stop or postpone that sale without a court order.

5. The Property is a specific lot in the Southgate addition in Houston. It cannot be replaced with any other property, and its loss cannot be made whole by a payment of money.

6. If the sale goes forward, Jetall/Croix will lose title to the Property that morning, and the value of my Partnership Interest will be lost with it. A third-party buyer at the auction could claim the rights of a good-faith purchaser, and the Property may be unrecoverable even if the sale is later shown to be wrongful.

7. **No notice of the November 3 sale.** As a Manager of Jetall/Croix GP, LLC, I have not received any notice of the November 3, 2026 substitute trustee's sale, and to my knowledge Jetall/Croix has not received any such notice.

Unofficial Copy Office of Marilyn Burgess District Clerk

8. There is not enough time before 10:00 a.m. on November 3, 2026 to serve Defendants and hold a hearing. Unless the Court restrains the sale now, the harm described above will occur before any hearing can be held.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on November 2, 2026.

*/s/ Ali Choudhri*

Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXHIBIT INDEX**

| Ex. | Document |
|---|---|
| A | Notice of Substitute Trustee's Sale, Harris County FRCL-2026-7668 (filed Oct. 13, 2026) |
| B | Deed of Trust dated Oct. 25, 2023, Jetall/Croix Properties LP to Security State Bank & Trust (recorded RP-2023-412498) |
| C | Order Granting Plaintiff's Verified Emergency Application for Temporary Restraining Order, Cause No. 2026-22035 (signed May 5, 2026) |
| D | Extension of Real Estate Note and Lien (Jan. 23, 2025) |
| E | Excerpts, Deposition of Russel Gribble (May 12, 2026): cover, pp. 6–9, 58–61, 86–89, 122–125, 130–137, reporter's certification |
| F | Notice of Receivership, recorded Feb. 3, 2026 (RP-2026-38584) (certified copy, Aug. 25, 2026) |
| G | Amended Order Granting Turnover, Charging Order and Appointment of Receiver, Cause No. 2012-27197-A, 333rd District Court (filed Apr. 9, 2025) |
| H | Amended Order (2) Granting Turnover, Charging Order and Appointment of Receiver, Cause No. 2012-27197-D, 333rd District Court (filed Apr. 8, 2025) |
| I | Email from Travis Vargo to Kell Mercer, "RE: Receivership Issues" (Apr. 4, 2025), as forwarded to Ali Choudhri (May 2, 2025) |
| J | Excerpts, Transcript of Hearing, In re Texas REIT, LLC, No. 24-10120-smr (Bankr. W.D. Tex. Apr. 3, 2025) (Robinson, J.): cover, pp. 2, 19-21, 27-28, 35-36, certificate |
| K | Unsworn Declaration of Lori Hood (Nov. 1, 2026), with Exhibits A and B |
| L | Agreement of Limited Partnership of Jetall/Croix Properties, LP (effective June 15, 2010) |
| M | Company Agreement of Jetall/Croix GP, LLC |
| N | Email from Michael Croix to Ali Choudhri, "Swift" (Feb. 17, 2026) |
| O | Email from Sepi Akhavi (KW Commercial), copying Travis Vargo, to listing broker Omar Scanu (Feb. 11, 2026), as forwarded to Ali Choudhri (Feb. 12, 2026) |
| P | Email thread between Travis Vargo and Stephen Tobin, "RE: 2232 Swift Blvd." (Jan. 28, 2026) |
| Q | Excerpts, Deposition of Russel Gribble as Corporate Representative of Security State Bank & Trust, In re MCITBE, LLC, No. 26-32580-mvl11 (Bankr. N.D. Tex. Sept. 22, 2026): pp. 1–4, 29–36, 41–56, 113–136, 197–200 |

Unofficial Copy Office of Marilyn Burgess District Clerk