4/8/2026 4:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113416585
By: Shanelle Taylor
Filed: 4/8/2026 4:53 PM

Pgs-2

DITRX
CASO

CAUSE NO. 2026-22035

| | | |
|---|---|---|
| MCITBE, LLC<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 129TH JUDICIAL DISTRICT |
| | § | |
| RUSSEL GRIBBLE, et al. | § | |
| | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

**ORDER GRANTING EMERGENCY**
**MOTION TO VACATE TEMPORARY RESTRAING ORDER**
AND ORDER SETTING TEMPORARY INJUNCTION HEARING

On this day, the Court considered Defendant Security State Bank and Trust and Russel Gribble's Emergency Motion to Vacate Temporary Restraining Order (the "Motion"). After considering the Motion, the record, the evidence presented, and the arguments of counsel, the Court finds that the Motion is meritorious and should be **GRANTED**.

The Court finds that a Temporary Restraining Order ("TRO") was sought by Plaintiff and issued by the Harris County Ancillary Judge on April 2, 2026, preventing foreclosure by Defendant Security State Bank And Trust (the "Bank") of real property in a foreclosure scheduled for April 7, 2026.

The Court finds the TRO failed to comply with Rule 680 of the Texas Rules of Civil Procedure in that the Plaintiff did not comply with the notice requirements of Rule 680 and failed to demonstrate why *ex parte* issuance of the TRO was appropriate. The Court further finds that the TRO fails to set forth specific reasons for *ex parte* issuance or specifically define the injury and explain irreparability as required for *ex parte* relief. Further, the Court finds that Plaintiff did not file a supporting affidavit sufficiently explaining efforts to give notice or reasons why notice should not be required. Additionally, the Court finds the TRO did not include an expiration date

Certified Document Number: 126125443 - Page 1 of 2

Exhibit S

and was overly broad in terms of the injunctive relief that was granted. Finally, the Court finds that the bond that was required was inadequate.

After considering the evidence presented with the Motion, the Court further finds there is sufficient evince that: (i) the Borrower on the loan at issue is in default of the loan secured by the property that is the subject matter of the halted foreclosure; (ii) the Bank has received no payments on the loan since July 1, 2025, (iii) the Bank properly noticed the foreclosure for April 7, 2026 after providing at least 21 days' written notice to the Plaintiff, and (iv) the Bank had no legal obligation to give any notice of the foreclosure to the Plaintiff, who is not a "debtor" under Chapter 52 of the Texas Property Code.

Based on the foregoing, the Court finds that there are sufficient grounds to vacate the TRO issued by the Court on April 2, 2026.

IT IS THEREFORE **ORDERED** that Defendants' Emergency Motion to Vacate Temporary Restraining Order is **GRANTED**.

IT IS FURTHER **ORDERED** that the Temporary Restraining Order issued by the Court on April 2, 2026 is **VACATED, DISSOLVED**, and of no further force or effect.

IT IS FURTHER **ORDERED** that the Clerk shall reflect dissolution of the Temporary Restraining Order on the docket.

~~IT IS FURTHER **ORDERED** that the $250.00 bond posted by Plaintiff in connection with the Temporary Restraining Order is forfeited by Plaintiff and payable to Defendant Security State Bank and Trust.~~

Based on the representation by Defense Counsel that the property will be reposted for foreclosure, the Temporary Injunction Hearing remains scheduled in the 129th on April 16, 2026 at 1:30PM.

SIGNED on ___________________, 2026.

Signed: 4/14/2026

Presiding Judge

Certified Document Number: 126125443 - Page 2 of 2

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this November 5, 2026

Certified Document Number: 126125443 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**