# REAL ESTATE LIEN NOTE

**SECURITY STATE BANK & TRUST NMLSR ID #402941**

**INDIVIDUAL LOAN ORIGINATOR: RUSSEL GRIBBLE; NMLS ID #849314**

**Date:** October 25, 2023

**Maker:** JETALL/CROIX PROPERTIES LP, a Texas limited partnership

**Maker's Address (including county):** 2500 West Loop S., Suite 255, Houston, Harris County, Texas 77027; mailing address at P. O. Box 132977, Spring, Montgomery County, Texas 77393

**Payee:** SECURITY STATE BANK & TRUST

**Place for Payment (including county):** At its banking house located at 501 Landa Street, New Braunfels, Texas 78130 (Comal County); or at such other place as the holder hereof shall designate from time to time in writing.

***Interest Calculation Method: Interest on this note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding, unless such calculation would result in a usurious rate, in which case interest shall be calculated on a per diem basis of a year of 365 or 366 days, as the case may be. All interest payable under this note is computed using this method.**

**Principal Amount:** ONE MILLION SEVEN HUNDRED SEVEN THOUSAND EIGHT HUNDRED FORTY TWO AND 40/100 DOLLARS ($1,707,842.40)

**Annual Interest Rate on Unpaid Principal from Date of Funding:** Nine and one quarter percent (9.250%) per annum.

**Terms of Payment (principal and interest):** This note shall be due and payable on or before October 25, 2024. Interest is payable monthly on the twenty fifth (25th) day of each month beginning November 25, 2023.

**Crediting of Payments:** We will credit your payment to your loan account as of the date of receipt, except when a payment is received after 6:00 p.m. or on a day we are not open. For determining the crediting of your payments, every day is a business day, except Saturdays, Sundays, and federal holidays. If you made a payment before 6:00 p.m. on a business day that we are open, we will consider that day to be the day of your payment. However, if you make a payment after 6:00 p.m. or on a day we are not open, we will consider that the payment was made on the next business day we are open.



Exhibit U

**Prepayment:** The Maker hereof reserves the right to prepay this note in any amount at any time prior to maturity without penalty and interest shall immediately cease on any amounts so prepaid. In the event Maker elects to make a prepayment, Maker agrees to notify Noteholder in writing of such action. Noteholder will use all of such prepayments to reduce the amount of principal owed under this Note. In the event of a partial prepayment, there will be no delays in the due dates of the payments hereinbefore described unless Noteholder agrees, in writing, to such delays.

**Annual Interest Rate on Matured, Unpaid Amounts:** At the option of the Payee, all past due and unpaid principal and interest shall bear interest until paid at the rate of 18% per annum, or the State Usury Ceiling, whichever is less.

**Security for Payment:** Payment hereof is secured by a Vendor's Lien retained in a Deed of even date herewith executed by MCITBE, LLC, as Grantor therein, to the Maker hereof, as Grantee therein, and additionally secured by a first lien Deed of Trust of even date herewith from JETALL/CROIX PROPERTIES LP, a Texas limited partnership, as Grantor, to DANIEL W. KEMP, Trustee, to-wit, upon the hereinafter described real property, to-wit:

> **The West 25 feet of Lot Twenty-One (21) and the adjoining East 40 feet of Lot Twenty-Two (22), in Block Nine (9), of Southgate, a Subdivision in Harris County, Texas according to the map or plat thereof, recorded in Volume 10, Page 49 of the Map Records of Harris County, Texas.**

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

**Default:** Subject to the right to cure, if any, in the manner and to the extent provided in V.T.C.A. Property Code, Section 51.002(d), the entire unpaid principal balance of, and all accrued interest on this Note shall, at the election of Holder, become immediately due and payable if (i) default shall be made by Maker in the payment of the principal hereof or interest accrued hereon as and when same becomes due and payable in accordance with the terms hereof, or (ii) default shall be made in the performance or observance of any covenant, condition, provision or agreement contained in the Deed of Trust, or (iii) upon the occurrence of the bankruptcy or insolvency of, the assignment for the benefit of creditors by, or the appointment of a receiver of any of the property or any party liable for the payment of this Note, whether as Maker, endorser, guarantor, surety or otherwise, or (iv) default in the payment of any other indebtedness due the holder hereof or default in the performance of any other obligation owed to the holder hereof by Maker or any other party liable for the payment hereof, whether as endorser, guarantor, surety or otherwise.

**Failure to Furnish Financial Information:** Holder hereof shall have the right to accelerate this note and declare the unpaid principal and accrued interest on this note due and payable if Maker, after thirty (30) days' written demand from Holder, fails to furnish to Holder a current financial statement, an income statement for the preceding calendar year, and a cash flow statement for the preceding calendar year.

**Waiver:** Subject to the right to cure, if any, in the manner and to the extent provided in V.T.C.A. Property Code, Section 51.002(d), Maker and each surety, endorser, guarantor and other party liable for payment of any sums payable on this Note (i) jointly and severally waive demand, demand for payment, presentment for payment, dishonor, notice of dishonor, notice of nonpayment, notice of default, protest, notice of protest, acceleration, notice of acceleration, filing of suit and diligence in collecting this Note or enforcing any of the security hereof, (ii) jointly and severally agree that their liability on this Note shall not be affected by any renewal or extension in time of payment hereof, by any indulgences, or by any release or change in any security for the payment of this Note, and (iii) jointly and severally consent to any and all renewals, extensions, indulgences, releases or changes, regardless of the number of such renewals, extensions, indulgences, releases or changes.

**Attorney's Fees:** If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

**Headings:** The headings of the sections of this Note are inserted for convenience only and shall not be deemed to constitute a part hereof.

**Cumulative Rights:** No delay on the part of the holder of this Note in the exercise of any power or right under this Note, or under the Deed of Trust, or under any other instrument executed pursuant hereto shall operate as a waiver thereof, nor shall a single or partial release of any other power or right preclude other or further exercise thereof or of the exercise of any other power or right. Enforcement by the holder of this Note of any security for the payment hereof shall not constitute any election by it of remedies so as to preclude the exercise of any other remedy available to it.

**Compliance with Law.**

(a) The maximum rate of interest allowed by law for this transaction is the greater of the maximum rate of interest allowed under Federal law or the indicated rate ceiling as defined currently and from time to time in Texas Finance Code Annotated, Chapter 303. Maker and the holder hereof further agree that the amounts stated as interest herein, plus fees, if any, which may be legally construed as interest, together, will never exceed the indicated rate ceiling.

(b) If any term hereof or if any document securing this Note is susceptible of being construed as obligating Makers or any guarantor or other party obligated herein for the payment of interest in excess of that authorized by applicable law, it is agreed that such term is a mistake in calculation or wording, and notwithstanding the same, it is expressly agreed that neither Makers, any guarantor, nor any other person or entity obligated in any manner for the payment hereof shall ever be required or obligated to pay interest in excess of that authorized by applicable law. It is the intention of the holder to conform strictly to the applicable laws now in force.

(c) All agreements between Makers, any guarantor, or any other party liable hereon and the holder hereof are expressly limited so that in no contingency or event whatsoever, shall the amount paid or agreed to be paid to the holder hereof for the use, forbearance or detention of the money to be advanced hereunder exceed the highest lawful rate permissible under any and all applicable laws.

(d) If from any circumstances whatsoever, the holder hereof shall ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be first applied to the reduction of the unpaid principal balance due hereunder, and not to the payment of interest, and any remaining excess shall be refunded to Makers or the party making such payment.

(e) All sums paid or agreed to be paid to the holder hereof for the use, forbearance or detention of the indebtedness specified herein, shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the actual rate of interest on account of such indebtedness is uniform throughout the term of this Note.

(f) These provisions shall control every other provision of all agreements between Makers and any guarantor or party liable hereon and the holder hereof.

The terms Maker and Payee and other nouns and pronouns include the plural if more than one.

MAKER ACKNOWLEDGES RECEIPT OF A COPY OF THIS NOTE ON THIS DATE.

**JETALL/CROIX PROPERTIES LP, a Texas limited partnership**

By: JETALL/CROIX GP, LLC, a Texas limited liability company, its General Partner

By: ______________________________
MICHAEL CONRAD CROIX, Manager

By: ______________________________
ALI CHOUDHRI, Manager

______________________________
MICHAEL CONRAD CROIX, Guarantor

**"THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES".**

**"THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES".**

**JETALL/CROIX PROPERTIES LP, a Texas limited partnership**

By: JETALL/CROIX GP, LLC, a Texas limited liability company, its General Partner

By: ______________________________
MICHAEL CONRAD CROIX, Manager

By: ______________________________
ALI CHOUDHRI, Manager

______________________________
MICHAEL CONRAD CROIX, Guarantor

**SECURITY STATE BANK & TRUST**

By: ______________________________
RUSSEL GRIBBLE, Branch President