RP-2023-412498
10/27/2023 ER $50.00

Page 1 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

JETALL/CROIX PROPERTIES LP TO SECURITY STATE BANK & TRUST

**STATE OF TEXAS §**
**§ DEED OF TRUST**
**COUNTY OF HARRIS §**

**SECURITY STATE BANK & TRUST NMLSR ID #402941**

**INDIVIDUAL LOAN ORIGINATOR: RUSSEL GRIBBLE; NMLS ID #849314**

**Date:** October 25, 2023

**Grantor:** JETALL/CROIX PROPERTIES LP, a Texas limited partnership

**Grantor's Mailing Address (including county):** 2500 West Loop S., Suite 255, Houston, Harris County, Texas 77027; mailing address at P. O. Box 132977, Spring, Montgomery County, Texas 77393

**Trustee:** DANIEL W. KEMP

**Trustee's Mailing Address (including county):** 201 W. Main Street, Fredericksburg, Gillespie County, Texas 78624

**Beneficiary:** SECURITY STATE BANK & TRUST

**Beneficiary's Mailing Address (including county):** 201 W. Main Street, Fredericksburg, Gillespie County, Texas 78624

**Note(s)**

**Date:** October 25, 2023

**Amount:** As in said note provided.

**Maker:** JETALL/CROIX PROPERTIES LP, a Texas limited partnership

**Payee:** SECURITY STATE BANK & TRUST

**Final Maturity Date:** As in said note provided.

**Terms of Payment (optional):** As in said note provided.



Exhibit V

Page 2 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498

**Property (including any improvements):**

> **The West 25 feet of Lot Twenty-One (21) and the adjoining East 40 feet of Lot Twenty-Two (22), in Block Nine (9), of Southgate, a Subdivision in Harris County, Texas according to the map or plat thereof, recorded in Volume 10, Page 49 of the Map Records of Harris County, Texas.**

**Prior Lien(s) (including recording information):** None

**Other Exceptions to Conveyance and Warranty:** All presently recorded and validly existing easements, restrictions, reservations, covenants, conditions, oil and gas leases, mineral interests and water interests outstanding in persons other than Grantor, and other instruments, other than conveyances of the surface fee estate, that affect the subject property.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**

Grantor agrees to:

1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. to the extent improvements are constructed on the property or any part thereof, maintain, in a form acceptable to Beneficiary, an insurance policy that:
    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing.
    b. contains an 80% coinsurance clause;
    c. provides fire and extended coverage, including windstorm coverage;
    d. protects Beneficiary with a standard mortgage clause;
    e. provides flood insurance at any time the property is in a flood hazard area; and
    f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten (10) days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.
9. provide Beneficiary, at Grantor's expense, an appraisal (as may be requested by Beneficiary), verifying the appraised value of the collateral.
10. COLLATERAL PROTECTION INSURANCE NOTICE - TEXAS FINANCE CODE SECTION 307.052:

    **"BORROWER IS REQUIRED TO: (i) KEEP THE PROPERTY INSURED AGAINST DAMAGE IN THE AMOUNT LENDER SPECIFIES; AND, (ii)**

Page 3 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498

**PURCHASE THE INSURANCE FROM AN INSURER THAT IS AUTHORIZED TO DO BUSINESS IN THE STATE OF TEXAS OR AN ELIGIBLE SURPLUS LINES INSURER; AND, (iii) NAME LENDER AS THE PERSON TO BE PAID UNDER THE POLICY IN THE EVENT OF A LOSS; AND, (iv) BORROWER MUST, IF REQUIRED BY LENDER, DELIVER TO LENDER A COPY OF THE POLICY, AND PROOF OF THIS PAYMENT OF PREMIUMS, AND, (v.) IF BORROWER FAILS TO MEET ANY REQUIREMENT LISTED IN THIS NOTICE, LENDER MAY OBTAIN COLLATERAL PROTECTION INSURANCE ON BEHALF OF BORROWER AT BORROWER'S EXPENSE."**

**Beneficiary's Rights**

1. Beneficiary may appoint in writing one or more substitute trustees or successor trustees from time to time until date of sale, succeeding to all rights and responsibilities of Trustee. Any trustee, substitute trustee, or successor trustee shall have the authority to appoint an attorney and agent-in-fact to perform all duties of the trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust and may, at the sole discretion of Beneficiary, be added to the amount due and owing on the note.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations herein or in the secured note or if default occurs on a prior lien note or other instrument, Beneficiary may:
   a. declare the unpaid balance and earned interest on the note immediately due;
   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
   c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. from the proceeds of the sale, pay, in this order:
   a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;

Page 4 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498

b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
c. any amounts required by law to be paid before payment to Grantor;
d. any amounts due and owing on indebtedness securing prior liens;
e. any and all indebtedness secured by subsequent liens; and
f. to Grantor, any balance.

**General Provisions**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.
7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph and acting under this paragraph does not waive any of Beneficiary's other rights and remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.
8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such

Page 5 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498

excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.

10. The term "note" includes all sums secured by this deed of trust.

11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term Grantor shall include Maker.

13. If the rights and liens created by this deed of trust shall be invalid or unenforceable as to any part of the obligation, the unsecured portion of the obligation shall be completely paid prior to the payment of the remaining and secured portion of the obligation, and all payments made on the obligation shall be considered to have been paid on and applied first to the complete payment of the unsecured portion of the obligation.

14. Grantor represents that this deed of trust and the note are given for the following purposes:

Purchase Money. The debt evidenced by the note is in part payment of the purchase price of the property; the debt is secured by this Deed of Trust and by a vendor's lien on the property, which is expressly retained in a Deed of even date given by MCITBE, LLC, as Grantor therein, to JETALL/CROIX PROPERTIES LP, a Texas limited partnership, husband and wife, as Grantee therein. This Deed of Trust does not waive the vendor's lien, and the two liens and the rights created by this instrument shall be cumulative. Beneficiary may elect to foreclose under either of the liens without waiving the other or may foreclose under both. The Deed is incorporated into this Deed of Trust.

Construction. The Note secured by this Deed of Trust is given in part payment for improvements on the property that Grantor will make, and the lien securing the note is an improvement lien against the property.

This Deed of Trust is a "construction mortgage" within meaning of Section 9.334 of the Business and Commerce Code of the State of Texas in that it secures an obligation incurred for the construction of improvements on land.

Use of Funds. The cash advanced or to be advanced as evidenced by the Note shall be utilized only for construction of improvements on the above property in accordance with plans and specifications previously described to and authorized by Beneficiary.

HOMESTEAD DISCLAIMER. GRANTOR REPRESENTS TO BENEFICIARY THAT NO PART OF THE PROPERTY IS EXEMPT AS HOMESTEAD FROM FORCED SALE UNDER THE TEXAS CONSTITUTION OR OTHER LAWS.

Acceleration if Lien Filed; Indemnification. Beneficiary may immediately without notice mature the balance of the indebtedness secured hereby and proceed to foreclosure hereunder in the even any liens or claims are filed against the above described property for any labor, services, materials, or supplies furnished in connection with the construction contemplated hereunder or otherwise. Grantor indemnifies Beneficiary for the payment of any such liens or claims.

Page 6 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498

Construction Not Yet Commenced. No labor, services or materials have been furnished or delivered to the above described property and no construction has commenced thereon prior to date hereof.

Cross-Default. Default hereunder or under any provisions of the Note shall likewise constitute a default under any other instrument of security given to secure the payment of such indebtedness.

Insurance. Grantor, in connection with its obligation hereunder to insure and keep insured all improvements now or hereafter created upon the herein described property, agrees to deliver to Beneficiary a policy or policies of insurance naming Beneficiary as mortgagee and containing a standard mortgage clause.

Property Tax Deferrals. The State of Texas and local taxing jurisdictions allow property tax deferrals to homeowners that meet specific criteria. Grantor agrees that if Grantor meets the criteria, Grantor will not elect the deferral of collection of property taxes on the Property pursuant to §33.06 or §33.065 of the Texas Tax Code, or any other section of the Tax Code permitting deferral of collection of property taxes and shall pay the taxes on the Property on or before January 31 following the calendar year within which the property tax is assessed.

Additional Taxes Due to Change in Use. The State of Texas and taxing jurisdictions have authority to assess taxes against real property retroactively due to change in use by the owner. Grantor agrees that in the event that such taxes known as "roll-back" taxes are assessed against the property or any part thereof, such taxes will be paid before they become delinquent.

All Debt. This conveyance is also made in trust to secure payment of all other present and future debts that JETALL/CROIX PROPERTIES LP, a Texas limited partnership, may owe to Beneficiary, regardless of how the other debt is incurred or evidenced. The present and future debts will bear interest as provided in notes or other evidences of debt that JETALL/CROIX PROPERTIES LP, a Texas limited partnership, will give to Beneficiary. This conveyance is also made to secure payment of any renewal or extension of any present or future debt that JETALL/CROIX PROPERTIES LP, a Texas limited partnership, owe Beneficiary, including any loans and advancements from Beneficiary to JETALL/CROIX PROPERTIES LP, a Texas limited partnership, under the provisions of this Deed of Trust. When JETALL/CROIX PROPERTIES LP, a Texas limited partnership, repay all debts owed to Beneficiary, this Deed of Trust lien will terminate only if Beneficiary releases this Deed of Trust at the request of JETALL/CROIX PROPERTIES LP, a Texas limited partnership. Until Beneficiary releases it, this Deed of Trust will remain full in effect to secure future advances and debts, regardless of any additional security given for any debt and regardless of any renewals, extensions, or partial releases. In no event shall this Deed of Trust secure payment of any debt described in or created pursuant to the Texas Consumer Credit Code, nor shall it create a lien otherwise prohibited by law.

Due on Sale. Upon the sale or transfer of all or any portion of the mortgaged property, either voluntarily or involuntarily, or by judicial act or decree; upon the sale of any interest in the mortgaged property less than fee simple; upon entering into a contract for deed for the sale or transfer of any interest in the mortgaged property; upon entering into any lease which is for a period in excess of three (3) years and which contains an option to purchase clause; or upon entry into any contract whereby the Buyer is to receive possession of the herein described property prior to the transfer of title, the holder of the Note secured hereby may, at such holder's option

Page 7 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498

(exercisable in its sole discretion), (i) declare all of the indebtedness and obligations secured by this Deed of Trust to be immediately due and payable, and (ii) pursue to invoke any and all remedies available under this Deed of Trust arising by virtue of a default hereunder or under the Note secured hereby; provided, that this option shall not apply if, prior to any such sale or transfer:

(a) the holder of the Note secured hereby shall have waived such option in writing, or

(b) the Grantor hereof and/or the transferee of such sale or transfer shall have complied with such modifications, conditions, requirements or changes in the terms of such sale or transfer or in the terms of the indebtedness secured hereby as the holder of the Note secured hereby shall impose or require, which may include (without limitation) one or more of the following:

(i) any agreement in writing between the Grantors hereof, such transferee and the holder of the Note secured hereby that such transferee shall assume all obligations of such transferor and that the interest rate payable on the indebtedness secured by this Deed of Trust, and/or the amortization, installments, payments, and terms of the indebtedness secured by this Deed of Trust shall be changed and modified as such holder shall determine and require, including without limitation an increase in the rate of such interest if required by such holder.

(ii) that the property made the subject hereof and conveyed by this Deed of Trust is in good repair and the value of such property has not, and will not upon such sale or transfer be, diminished, deteriorated or impaired in any way.

(iii) that the credit worthiness of such transferee and/or the terms and conditions of such sale or transfer are satisfactory in every respect to such holder.

Savings Clause. Notwithstanding anything herein or in the Note secured hereby to the contrary, it is the intention of the Grantors hereof and the holder of the Note secured hereby to conform strictly to the applicable laws now in force, and any interest on any debt secured hereby or payable hereunder is being charged, computed, contracted for and/or collected in good faith reliance on the applicable laws now in effect. Accordingly, the following provisions shall control every other provision of all agreements between the Grantors hereof and any guarantor or a party liable hereunder or under the Note secured hereby and the holder hereof:

(i) If any term hereof is susceptible of being construed as obligating any party for the payment of interest in excess of that authorized by applicable law, it is agreed that such term is a mistake in calculation or wording and/or a mistake of law, and notwithstanding the same, it is expressly agreed that no person shall ever be required or obligated to pay interest in excess of that authorized by applicable law.

(ii) All agreements between the Grantors hereof, any guarantor or any other party liable hereon and the holder of the Note secured hereby are expressly limited so that in no contingency or event whatsoever, shall the amount paid or agreed to be paid for the use, forebearance or detention of money exceed the highest lawful rate permissible under applicable laws. If fulfillment of any provisions hereof, or any agreement referred to herein, at the time of performance of such provisions shall be due, shall involve transcending the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and in the event the holder of the note secured

Page 8 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498

hereby shall ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be first applied to the reduction of the unpaid principal balance of the debt secured hereby or payable hereunder and not to the payment of interest, and any remaining excess shall be refunded to the party making such payment.

(iii) All sums paid or agreed to be paid to the holder of the Note secured hereby for the use, forebearance or detention of the indebtedness secured hereby or payable hereunder or due with respect hereto shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness so that the actual rate of interest on account of such indebtedness is uniform throughout the term thereof.

Exculpation of Trustee. Grantor hereby acknowledges and agrees that the Trustee, and any Substitute Trustee, under this Deed of Trust has no fiduciary relationship with Grantor and in fact, has no responsibilities with regard to Grantor other than to act in compliance with the applicable law in conducting any foreclosure sale under this Deed of Trust. Grantor further acknowledges and agrees that Grantor has not hired or employed the Trustee; moreover, Grantor has no objections to the hiring or employment of the Trustee, or any Substitute Trustee, by Noteholder.

Compliance with Environmental Law. Grantor warrants and represents no "hazardous material" as defined below, presently exists or previously existed on the property and that no portion of the property has or will be used for collection, storage, or handling of such hazardous material. "Hazardous Material" as used herein means "hazardous substance", "pollutant or contaminant" and "petroleum", and "natural gas liquids" as those terms are defined and used in Section 101 of CERCLA. Grantor shall notify Trustee and Beneficiary in the event any hazardous materials are used, stored, or otherwise become associated with the property and agree to remove or clean up such hazardous materials. Beneficiary shall have the right at all times for environmental testing and Grantor agrees to indemnify Trustee and Beneficiary for any and all losses incurred by Trustee or Beneficiary in connection with hazardous materials on or associated with the property.

Other Act. The Grantor hereof shall not do, or suffer, permit or cause to be done, voluntarily or involuntarily, anything upon any portion of the property made the subject of and conveyed by this Deed of Trust, from time to time, which (i) will or could lessen the value of any such portion, (ii) will or could result in any lien or encumbrance against any such portion, including without limitation any mechanic's or materialmen's lien, any subordinate lien, any judgment lien, any tax or assessment lien and/or the foreclosure or seizure of or against any such portion by virtue of any such lien, encumbrance or assessment, (iii) will or could alter, modify or destroy any improvements or installations in, on, to or about any such portion, and/or (iv) will or could affect, impair, modify or alter, in any way, the lien of this Deed of Trust and/or its priority as a first and prior lien.

Grantor, in connection with their obligation hereunder agrees to insure and keep insured all improvements now or hereafter created upon the herein described property and agrees to deliver to Beneficiary a policy or policies of insurance naming Beneficiary as mortgagee and containing a standard mortgage clause.

Page 9 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

**Grantor:**

**JETALL/CROIX PROPERTIES LP, a Texas limited partnership**

By: JETALL/CROIX GP, LLC, a Texas limited liability company, its General Partner

By: ________________________________________
MICHAEL CONRAD CROIX, Manager

By: ________________________________________
ALI CHOUDHRI, Manager

**STATE OF TEXAS** §
§
**COUNTY OF** Harris §

This instrument was acknowledged before me this 25 day of October 2023 by MICHAEL CONRAD CROIX and ALI CHOUDHRI, Managers of JETALL/CROIX GP, LLC, a Texas limited liability company, the General Partner of JETALL/CROIX PROPERTIES LP, a Texas limited partnership, on behalf of said limited partnership.

ANNA MASON
Notary Public, State of Texas
Comm. Expires 05-26-2024
Notary ID 13249365-7

*Notary Public, State of Texas*

After Recording Return To:
Security State Bank & Trust
501 Landa Street
New Braunfels, Texas 78130

Prepared in the Office of:
Jeannemarie Wilson, Attorney at Law, PLLC
221 Water Street, Suite 100
Boerne, Texas 78006



RP-2023-412498

Page 10 of 10 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412498
# Pages 10
10/27/2023 01:50 PM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees $50.00

RP-2023-412498

RECORDERS MEMORANDUM
This instrument was received and recorded electronically and any blackouts, additions or changes were present at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or use of the described real property because of color or race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED in the Official Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

**I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.**

**Witness my official hand and seal of office**
**This August 5, 2026**

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

**Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.**