RP-2023-412499
10/27/2023 ER $54.00

Page 1 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

# DEED OF TRUST

**Texas Property Code Section 11.008.**
**CONFIDENTIAL INFORMATION IN REAL PROPERTY RECORDS**

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**Date:** October 25, 2023

**Grantor (whether one or more):**

JETALL/CROIX PROPERTIES LP, a Texas limited partnership

**Grantor's Mailing Address:**

JETALL/CROIX PROPERTIES LP, a Texas limited partnership
25918 Oak Ridge Dr
Spring, TX ~~778~~ 77380 Am

**Trustee:** PATRICK T. MURPHY

**Trustee's Mailing Address:**

2000 Bering Dr, Suite 700-WBA
Houston, Texas 77057
Harris County

**Lender (whether one or more):** MCITBE, LLC, a Texas limited liability company

**Lender's Mailing Address:**

MCITBE, LLC, a Texas limited liability company
1001 West loop S, STE 700
Houston, TX 77027

**Obligation:**

Note:

Date: October 25, 2023



Exhibit DD

Page 2 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

Original principal amount: $433,946.26

Borrower: JETALL/CROIX PROPERTIES LP, a Texas limited partnership

Lender: MCITBE, LLC, a Texas limited liability company

Maturity date: October 25, 2024

Terms of Payment: As provided in the note.

**Property (including any improvements):**

THE WEST 25 FEET OF LOT TWENTY-ONE (21) AND THE ADJOINING EAST 40 FEET OF LOT TWENTY-TWO (22), IN BLOCK NINE (9), OF SOUTHGATE, A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 10, PAGE 49 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS (including any improvements, the “Property”).

**Prior Lien:**

The lien created by this deed of trust will be subordinate to the lien securing payment of a note, and any renewals, extensions, and modifications thereof, of even date, executed by JETALL/CROIX PROPERTIES LP, a Texas limited partnership payable to the order of SECURITY STATE BANK & TRUST, and more fully described in a deed of trust of even date herewith and recorded in the real property records of Harris County, Texas. If default occurs in payment of any part of principal or interest of that note or in observance of any covenants of the deed of trust securing it, the entire debt secured by this deed of trust will immediately become payable at the option of Lender.

**Other Exceptions to Conveyance and Warranty:**

This conveyance is made and accepted subject to any and all existing restrictions, mineral reservations and interests, conditions, covenants, easements and rights of way, if any, applicable to and enforceable against the above described real property as now reflected by the records of the County Clerk of the county in which the Property is situated.

Current ad valorem taxes on the above described property as of the date hereof are assumed by Grantor herein and Grantor covenants and promises to pay the same.

**A. Granting Clause**

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor’s expense.

Page 3 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

**Clauses and Covenants**

**B. Grantor's Obligations**

B1. Grantor agrees to maintain all property and liability insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and as to property loss, that are payable to Lender under policies containing standard mortgagee clauses, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender before execution of this deed of trust and again at least ten days before the expiration of the Required Insurance Coverages. At a minimum, a "standard mortgagee clause" must provide for: payment of all proceeds to Lender, at least 30 days notice to Lender before cancellation, and protection against invalidity of the policy as a consequence of any act or omission of Grantor. Such Required Insurance Coverages shall include but not be limited to maintaining, in a form acceptable to Lender, an insurance policy that:

a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Lender approves a smaller amount in writing;

b. contains an 80 percent coinsurance clause;

c. provides open perils / comprehensive coverage;

d. protects Lender with a "standard mortgagee clause";

e. if the Property is now or later located within a 100-year floodplain (FEMA Flood Zone "A" or any sub-designation of Zone "A") or other special hazard flood zone, Grantor will obtain flood insurance; and

f. contains such other coverage as Lender may reasonably require;

All policies must be issued by insurance companies in good standing with, and authorized to do business in Texas by, the Texas Department of Insurance.

B.2 Grantor agrees to-

a. keep the Property in good repair and condition;

b. pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

Page 4 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

c. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

d. obey all laws, ordinances, and restrictive covenants applicable to the Property;

e. keep any buildings occupied as required by the Required Insurance Coverages;

f. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments;

g. notify Lender of any change of address;

h. comply at all times with the requirements of the 80 percent coinsurance clause; and,

i. deliver the insurance policy to Lender within ten days of the date of this deed of trust and deliver renewals to Lender at least fifteen days before expiration;

**C. Lender's Rights**

C.1. Lender or Lender's mortgage servicer may appoint in writing one or more a substitute trustees, succeeding to all rights and responsibilities of Trustee.

C.2. If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

C.3. Lender may apply any proceeds received under the insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the insurance proceeds available to Grantor for repairs, subject to Grantor's compliance with reasonable conditions for disbursement. Reasonable conditions for disbursement include but are not limited to inspections of the repairs, as repairs are performed, to confirm completion to the satisfaction of Lender.

C.4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

Page 5 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

C.5. If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

C.6 **COLLATERAL PROTECTION INSURANCE NOTICE**

**In accordance with the provisions of section 307.052(a) of the Texas Finance Code, the Beneficiary hereby notifies the Grantor as follows:**

**(A) the Grantor is required to:**

**(i) keep the collateral insured against damage in the amount the Lender specifies;**

**(ii) purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and**

**(iii) name the Lender as the person to be paid under the policy in the event of a loss;**

**(B) the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and**

**(C) if the Grantor fails to meet any requirement listed in Paragraph (A) or (B), the Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense.**

C.7. If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

a. declare the unpaid principal balance and earned interest on the Obligation immediately due;

b. exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

c. direct Trustee to foreclose this lien, in which case Lender or Lender's

Page 6 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect;

d. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation; and,

e. exercise all other remedies allowed by law.

C.8. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**D. Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

D.1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

D.2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien, if any, and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

D.3. from the proceeds of the sale, pay, in this order-

a. expenses of foreclosure, including a reasonable commission to Trustee;

b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c. any amounts required by law to be paid before payment to Grantor; and

d. to Grantor, any balance; and

D.4. be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**E. General Provisions**

E.1. If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

Page 7 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

E.2. Recitals in any trustee's deed conveying the Property will be presumed to be true.

E.3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

E.4. This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

E.5. If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

E.6. Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

E.7. Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights of remedies.

E.8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

E.9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

E.10. **(Consent required - IF RESIDENTIAL)** If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation

Page 8 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

E.11. When the context requires, singular nouns and pronouns include the plural.

E.12. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

E.13. Grantor represents that this deed of trust and the Note are given for the following purposes:

**Purpose Clause:** The debt evidenced by the Note is in part payment of the purchase price of the Property; the debt is secured by this deed of trust and by a vendor's lien on the Property, which is expressly retained in a deed of even date given by MCITBE, LLC, a Texas limited liability company to JETALL/CROIX PROPERTIES LP, a Texas limited partnership. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this deed of trust are cumulative. Lender may elect to foreclose either of the liens without waiving the other or may foreclose both.

E.14. If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

E.15. GRANTOR MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTOR OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

E.16. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

E.17. If Grantor and Borrower are not the same person, the term Grantor includes Borrower.

E.18. Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, and (f) notice of protest.

Page 9 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

E.19. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if an attorney is retained for its enforcement.

E.20. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

E.21. The term Lender includes any mortgage servicer for Lender.

E.22. Grantor hereby grants Lender a right of first refusal with respect to Grantor's power to authorize any third party (other than Lender pursuant to its rights as set forth in this instrument) to pay ad valorem taxes on the Property and authorize a taxing entity to transfer its tax lien on the Property to that third party. Grantor's authorization to any third party (other than Lender) to pay the ad valorem taxes and receive transfer of a taxing entity's lien for ad valorem taxes shall be null and void and of no force and effect unless Lender, within ten days after receiving written notice from Grantor, fails to pay the ad valorem taxes pursuant to Lender's rights as set forth in this instrument.

E.23. **(No escrow) Evidence of payment of taxes and insurance:** Grantor shall furnish to Lender annually, before they become delinquent, copies of tax receipts showing that all taxes on the property have been paid. Grantor shall furnish to Lender annually evidence of current paid-up insurance naming Lender as an insured.

When the context requires, singular nouns and pronouns include the plural.

JETALL/CROIX PROPERTIES LP, a Texas limited partnership

By: JETALL/CROIX PROPERTIES GP, a Texas limited company its General Partner

By: ______________________
Michael Conrad Croix, Manager

By: ______________________
Ali Choudhri, Manager

Page 10 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

## ACKNOWLEDGMENT

**STATE OF** Texas §
§
**COUNTY OF** Harris §

This instrument was acknowledged before me on October 25, 2023 by Michael Conrad Croix, Manager of JETALL/CROIX PROPERTIES GP, a Texas limited company General Partner of JETALL/CROIX PROPERTIES LP, a Texas limited partnership on behalf of said entity.

ANNA MASON
Notary Public, State of Texas
Comm. Expires 05-26-2024
Notary ID 13249365-7

Notary Public, State of TX

## ACKNOWLEDGMENT

**STATE OF** Texas §
§
**COUNTY OF** Harris §

This instrument was acknowledged before me on October 25, 2023 by Ali Choudhri, Manager of JETALL/CROIX PROPERTIES GP, a Texas limited company General Partner of JETALL/CROIX PROPERTIES LP, a Texas limited partnership on behalf of said entity.

ANNA MASON
Notary Public, State of Texas
Comm. Expires 05-26-2024
Notary ID 13249365-7

Notary Public, State of TX

AFTER RECORDING RETURN TO:

C:\Users\PTM\Resale Docs Dropbox\Mhl\Tatco\445\2023\2306132-2nddot.wpd

Page 11 of 11 Wednesday, August 5, 2026 County Clerk Harris County, Texas

RP-2023-412499

RP-2023-412499
# Pages 11
10/27/2023 01:50 PM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees $54.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically and any blackouts, additions or changes were present at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or use of the described real property because of color or race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED in the Official Public Records of Real Property of Harris County, Texas.

COUNTY COURT OF HARRIS COUNTY, TEXAS

Teneshia Hudspeth
COUNTY CLERK
HARRIS COUNTY, TEXAS

**I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.**

**Witness my official hand and seal of office**
**This August 5, 2026**

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

**Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.**