**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-38421 (JPN)** |
| **JETALL/CROIX PROPERTIES, LP,** | § | |
| | § | **Chapter 11, Subchapter V** |
| | § | |
| **Debtor.** | | |

**DEBTOR'S OBJECTION TO SECURITY STATE BANK & TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 2232 SWIFT BOULEVARD, HOUSTON, TEXAS 77030**
**(Re: ECF No. 6)**

Jetall/Croix Properties, LP (the “Debtor”), debtor and debtor in possession, files this objection to the *Motion for Relief from the Automatic Stay as to Real Property Located at 2232 Swift Boulevard, Houston, Texas 77030* [ECF No. 6] (the “Motion”) filed by Security State Bank & Trust (“SSBT”), and respectfully shows the Court as follows:

## I. BACKGROUND

1. The Debtor filed its voluntary petition under Chapter 11, Subchapter V, on November 3, 2026. [ECF No. 1]. Sean B. Davis was appointed Subchapter V trustee on November 10, 2026. [ECF No. 15]. The meeting of creditors is set for December 8, 2026, the status conference for December 21, 2026, and the Debtor’s plan is due February 1, 2027. [ECF Nos. 4, 5].

2. The Debtor is SSBT’s borrower on a loan secured by a deed of trust on the residence at 2232 Swift Boulevard, Houston, Texas 77030 (the “Property”). Mot.

¶¶ 8, 11. As extended, the note matures on July 23, 2028. Mot. Ex. X. SSBT accelerated the note on October 28, 2025. Mot. Ex. Z.

3. SSBT asserts a claim of $2,699,324.02 as of the petition date, including $409,452.08 in interest, much of it at an 18% default rate, and $423,947.40 in legal fees through September 2026. Mot. ¶ 10. The Debtor disputes SSBT's claim. [ECF No. 1].

4. The Property is listed for sale with Walzel Properties LLC under an exclusive listing agreement dated October 14, 2026, at a listing price of $2,999,990. Debtor's Ex. 1. The listing agent, Afsheen Bhamani, has no connection to SSBT or to Travis B. Vargo. Debtor's Ex. 2 ¶¶ 5–6. An appraisal with an effective date of April 14, 2026, values the Property at $2,875,000. Debtor's Ex. 13. The Debtor will offer the listing agent's testimony on value and marketing at the hearing.

5. A substitute trustee's deed dated effective March 3, 2026, recites a foreclosure sale of the Property to MCITBE LLC ("MCITBE") on that date. Mot. ¶ 14. The substitution of trustee appointing the trustee who conducted that sale was not recorded until May 5, 2026. *Id.* The Debtor contends the March 3, 2026 foreclosure is void. SSBT has taken the same position. Debtor's Ex. 12 ¶¶ 13, 70–81. The Debtor scheduled its interest in the Property as contingent. [ECF No. 1].

6. MCITBE's Chapter 11 case was dismissed on October 19, 2026. SSBT Ex. 54, ECF No. 20-54. The Debtor was not a party to that case.

7. The Debtor filed this case to list and sell the Property under a Subchapter V plan and to pay creditors, including SSBT, from the sale proceeds at closing, rather

than lose the Property to a foreclosure sale. The Debtor will file an adversary proceeding to quiet title so that the Property can be conveyed with insurable title.

8. The Property has not sold because its title is clouded. Travis B. Vargo, a post-judgment receiver for Ali Choudhri, recorded a Notice of Receivership against the Property on February 3, 2026, claiming “all rights and control” over MCITBE and the Property. Debtor’s Ex. 3. The orders appointing him reach limited liability company interests only through a charging order. Debtor’s Exs. 7, 8. Mr. Vargo wrote in April 2025 that the “Receiver has a charging order over the LLCs only.” Debtor’s Ex. 4. Even so, on February 11, 2026, a broker acting with Mr. Vargo told the Property’s listing agent that the Property was “currently under the control of the court” and had the listing terminated. Debtor’s Ex. 5. Michael Croix, a manager of the Debtor’s general partner, did not authorize that. Debtor’s Ex. 6. SSBT’s corporate representative testified that SSBT knew the title was clouded and that the cloud was why the Property could not close. Debtor’s Ex. 9.

## II. <u>EFFORTS TO REACH AGREEMENT</u>

9. SSBT filed the Motion and its request for expedited consideration on Friday, November 6, 2026, without first conferring with Debtor’s counsel. [ECF Nos. 6, 8]. Neither filing contained the certificate of conference required by BLR 4001-1(a)(1). SSBT’s counsel first contacted Debtor’s counsel on Monday, November 9, 2026, three days after filing, and counsel conferred by telephone that afternoon. SSBT filed its certificate of conference on November 12, 2026. [ECF No. 18].

10. On Wednesday, November 11, 2026, Debtor's counsel advised SSBT's counsel in writing that the Debtor is preparing a proposal for an agreed listing and sale of the Property, and asked SSBT's position on a motion to sell the Property and an action to quiet title. SSBT's certificate of conference does not mention that request. [ECF No. 18]. As of filing, the parties have not reached an agreement.

## III. OBJECTION

11. The Debtor denies that SSBT is entitled to the relief requested and requests an evidentiary hearing. SSBT bears the burden of proof on the Debtor's equity in the Property. 11 U.S.C. § 362(g)(1). Exhibits cited as "Debtor's Ex." are those designated on the Debtor's Witness and Exhibit List for the hearing.

### *A. The MCITBE Rulings Do Not Decide This Motion*

12. The rulings in the MCITBE case concerned MCITBE's case and MCITBE's conduct. They made no finding about this Debtor, its interest in the Property, the value of the Property, or its ability to reorganize. Whether a petition was filed in good faith is determined on the totality of the circumstances of the particular debtor, on an evidentiary record. *Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1072–74 (5th Cir. 1986).

### *B. Section 362(d)(4)*

13. Relief under § 362(d)(4) requires a finding that the filing of this petition was part of a scheme to delay, hinder, or defraud creditors involving either a transfer of an interest in the Property without SSBT's consent or court approval, or multiple

bankruptcy filings affecting the Property. SSBT relies on the March 3, 2026 foreclosure and MCITBE's case. Mot. ¶¶ 42–45.

14. The transfer SSBT relies on is a foreclosure away from the Debtor that the Debtor did not make, and that both the Debtor and SSBT contend is void. The MCITBE case was filed by a different entity. This is the Debtor's first bankruptcy filing. [ECF No. 1]. SSBT has offered no evidence that this petition was part of a scheme. SSBT's corporate representative was instructed not to answer more than two hundred questions at his August 27, 2026 deposition, including questions about what bad faith and what scheme SSBT contends occurred. Debtor's Ex. 11 at 137, 139–41, 146–47, 245, 252, 277. Relief that binds the Property in any case filed by any owner for two years should not be entered without specific findings on a full evidentiary record.

***C. Section 362(d)(1)***

15. At the listing price of $2,999,990, SSBT's asserted claim of $2,699,324.02 is covered with a cushion of about $300,000, before ad valorem taxes and costs of sale. Debtor's Ex. 1. At the April 14, 2026 appraised value of $2,875,000, the cushion is about $175,000. Debtor's Ex. 13. That claim includes default interest and legal fees that the Debtor disputes. Fees, costs, and charges are allowed under 11 U.S.C. § 506(b) only to the extent SSBT is oversecured, only if reasonable, and only as provided in its loan documents.

16. SSBT has not shown a decline in the value of the Property, and it does not quantify the ad valorem taxes it relies on. Mot. ¶ 55. The Debtor reserves the right to propose adequate protection at the hearing, including periodic payments.

### *D. Section 362(d)(2)*

17. SSBT bears the burden of proving the absence of equity. Its only valuation is an appraisal with an effective date of October 22, 2025, more than a year old and made before the Property was listed. SSBT Ex. 74, ECF No. 20-74. A later appraisal, effective April 14, 2026, values the Property at $2,875,000, above SSBT's asserted claim. Debtor's Ex. 13. 11 U.S.C. § 362(g)(1). The Property is necessary to an effective reorganization. The Debtor's plan provides for a marketed sale of the Property and payment of creditors from the proceeds, which is a reorganization in prospect within a reasonable time. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988). The Debtor is two weeks into a Subchapter V case, and its plan is due February 1, 2027.

18. The reorganization is not speculative. The Property is listed and marketed by a licensed broker at $2,999,990. Debtor's Exs. 1, 2. A prospective buyer has made a written cash offer of $2,700,000 for the Property, which has not yet been documented in a contract approved by the Debtor. The obstacle to a sale has been the cloud on title described above, which the Debtor will address through an action to quiet title in this Court. A foreclosure sale on December 1, 2026, would end the marketing of the Property and expose the estate to a deficiency claim.

### *E. Other Relief Requested*

19. SSBT asks that any order be effective immediately, without the 14-day stay provided by Bankruptcy Rule 4001(a). Mot. ¶ 59. SSBT has shown no reason to waive it. If any relief is granted, the 14-day stay should apply.

20. The Debtor holds no cash collateral. SSBT's requests for adequate protection and a superpriority claim under 11 U.S.C. § 507(b) are premature. Mot. ¶¶ 57–58.

21. The Debtor reserves the right to supplement this objection, including at the hearing.

## IV. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court:

a. deny the Motion [ECF No. 6];

b. in the alternative, deny SSBT's request for in rem relief under 11 U.S.C. § 362(d)(4) and its request to waive the 14-day stay of any order; and

c. grant the Debtor such other and further relief to which it may be justly entitled.

Date: November 17, 2026

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
SDTX Bar No.: 3746531
***Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

**ATTORNEY FOR DEBTOR AND DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

I certify that on November 17, 2026, a true and correct copy of this document was served on all parties registered to receive electronic notice in this case through the Court's CM/ECF system, including counsel for SSBT, the United States Trustee, and the Subchapter V trustee.

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**